## James N. Cross v. The People.

In a proceeding under the statute to compel the support of a bastard child by its father, no complaint, distinct from the "accusation and examination" by the mother in writing under oath, is required. And where such accusation and examination appears, preceded by a formal complaint made by another person, this complaint may be treated as surplusage.

Where the complaint shows, in the body thereof, that it has been taken on oath before the proper justice, it is not necessary that the words "before me" be contained in the jurat.

In proceedings under the bastardy act there is no necessity for a formal issue, but if the defendant does not admit the charge, it is to be left to the jury.

An order which, after adjudging the defendant to be the father of a bastard child, directs him to pay towards the maintenance of the child a specified sum "*with the assistance of the mother*," is bad for uncertainty. It should definitely point out and fix the liability of the defendant.

*Submitted on briefs October 16th,* 1861. *Decided April 22d.*

CROSS v. THE PEOPLE.

Certiorari to the Circuit Court for the county of Washtenaw.

Cross was brought before a Justice of the Peace on a warrant based upon the following complaint:

"County of Washtenaw ss.: To Charles H. Wallace, a justice of the peace for said county: Harriet Donaldson, a minor of the age of fifteen years, of Saline in said county, having been delivered of a female bastard child, the undersigned being the father and guardian of the said Harriet Donaldson, hereby applies to you to make inquiry into the facts and circumstances of the case.

JONATHAN DONALDSON, father and guardian.

Dated Saline, February 17th, 1859."

"County of Washtenaw ss.: Jonathan Donaldson of Saline, in said county, hath this day made complaint to me, Charles H. Wallace, one of the justices of the peace of the township of Saline in said county, that Harriet Donaldson, a minor, and daughter of the said Jonathan Donaldson, and a single woman, has been delivered of a female bastard child, and desires to institute a prosecution against James N. Cross of Saline, in said county, whom he and the said Harriet Donaldson accuse of being the father of said child: I, the said justice therefore do proceed to take the accusation and examination of the said Harriet Donaldson in writing, under oath, respecting the said James N. Cross, the person accused, the time when and the place where the said Harriet Donaldson was begotten with child, and such other circumstances as the said justice shall deem necessary for the discovery of the truth of such accusation, as follows, to wit: The accusation and examination of Harriet Donaldson of Saline, in said county, single woman, taken on oath before me, the justice aforesaid, who saith that she has been delivered of a female bastard child, and desires to institute a prosecution against the said James N. Cross, whom she accuses of being the father of said child, and that he did beget her with child

10 MICH.—C.

in Saline, in the county of Washtenaw, on the ninth day of May, A. D. 1858, at the house of the said James N. Cross, at Saline aforesaid and county aforesaid, and was delivered of a female child on the 29th day of January, 1859, which child the said James N. Cross is the father thereof. Thereupon she prays me to issue my warrant to apprehend the said James N. Cross, to answer the said accusation, and to be further dealt with thereon, according to law.          HARRIET DONALDSON.

Taken, signed and sworn to this }
17th day of February, A. D. 1859. }

          C. H. WALLACE, Justice of the Peace."

On being brought before the justice, Cross waived an examination, and entered into recognizance for his appearance at the Circuit Court. In that Court he was found guilty on trial by jury, and the following order entered:

"*The People v. James N. Cross.* In this cause the said James N. Cross having been found guilty in manner and form as appears by the record thereof. Therefore it is adjudged by the Court here, that the said James N. Cross is the father of the child charged by the complainant, Harriet Donaldson, in her complaint to have been begotten by him; and it is therefore ordered, on motion of S. Abel, attorney, that the said defendant James N. Cross, do pay, for the maintenance of said child, with the assistance of the mother, Harriet Donaldson, within thirty days from this date, twenty-five dollars, and the further sum of four dollars and fifty cents for each and every month thereafter, payable at the end thereof, and until the further order of this Court; and it is further ordered, on like motion, that the defendant James N. Cross give a bond to the Superintendents of the Poor of the county of Washtenaw, with good and sufficient sureties to be approved by this Court, to perform this order, and to indemnify the county from all damages they may sustain by reason of their becoming chargeable with the maintenance of said child; and that

the said defendant be committed to the county jail, and there remain until he shall execute and deliver such bond."

It no where appeared in the proceedings, either before the justice or in the Circuit Court, that Cross was called upon to plead or did plead to the complaint.

*O. Hawkins*, for plaintiff in error, argued that the complaint was the complaint of the father, and not of Harriet Donaldson as it should have been:—3 *Pick.* 164; that the jurat ought to show before whom the complaint was sworn to:—3 *Mich.* 590; that there was no issue upon which Cross could have been tried:—6 *Cush.* 111; and that the order was void for uncertainty.

*C. Upson, Attorney General,* contra, to show that the complaint was sufficient, cited, 8 *Vt.* 130; 24 *Vt.* 517. But as this objection was not made below, it is now too late to make it:—24 *Vt.* 517; 8 *Vt.* 130; 7 *Vt.* 419; 4 *Ired.* 484; 2 *Ired.* 46; 5 *Conn.* 541; 4 *Denio,* 93; 9 *Humph.* 450.

A formal joining of issue upon the complaint is not required by the statute.

CAMPBELL J.:

The first error assigned is that no complaint was made by Harriet Donaldson, nor was any accusation and examination taken in writing under oath of the said Harriet before the justice who assumed to act.

The statute does not contemplate any complaint distinct from the "accusation and examination in writing under oath." *R. S.* 1846, *p.* 189. Inasmuch as the case shows no other such accusation and examination than that of Harriet Donaldson, and that contains all the necessary facts required by law to be enumerated, we do not think that the action of her father outside of and in addition to her complaint can in any way affect its validity. It may be regarded as matter of surplusage. It preceded

her complaint, and the latter is complete without it. The objection that the complaint does not appear to have been sworn to before the justice is also unfounded. Where it appears in the body of the instrument to have been taken on oath before the justice, there is no force in the objection that his certificate at the foot does not also contain the words "before me," whether the objection would have been valid or not otherwise—a point we are not called on to decide.

The next objection is that no issue was formed in the Circuit Court to be presented to the jury. The statute declares that "the issue to the jury shall be whether the defendant is guilty or not guilty." The charge contained in the complaint is required to give time and place, and it is evident the statute designed that this should be the formal accusation, and the only one for any purpose. If the defendant did not admit the charge, it was to be left to the jury. There was no occasion for any formal issue therefore, as the law defined it, and a trial could not be had upon any special one. The proceedings are not designed to be in the regular form of common law prosecutions, and a statutory issue exists whenever the defendant fails to admit the charge (see section 4).

We see therefore no error in any of the proceedings whereby the verdict of the jury can be vitiated.

The order of maintenance, however, is not sustainable. The statute makes it the duty of the Court upon a verdict of guilty to make an order directing in what manner the defendant with the assistance of the mother shall stand chargeable with the maintenance of the child. The form in which the order here is entered makes the liability to support the child joint throughout, and does not point out what amount the defendant shall pay himself. While it was probably designed by the Court that he should furnish the money and the mother take care of the child, yet the order can hardly be made to bear that construction

as it stands.　It must point out his duty and liability expressly; and until that is done there is nothing to be enforced.

The order of the Circuit Court must be quashed, and the cause must be remitted for the entry of a proper order upon the verdict.　No costs will be awarded.

The other Justices concurred.