## THE PEOPLE v. JAMES WHITE.

*Bastardy—Impeachment of complainant—Resemblances—Children as witnesses—Certiorari.*

1. In a bastardy case the defense should have been allowed to ask the complaining witness on her cross-examination whether she and her mother had not stated to certain specified persons that she was going to get a prostitute out of the House of Correction to swear a case against respondent; such a question would bear on the witness' char-

| 53 | 537 |
|----|-----|
| 60 | 226 |
| 53 | 537 |
| 101 | 588 |
| 53 | 537 |
| 105 | 675 |
| 53 | 537 |
| 110 | 414 |
| 53 | 537 |
| 115 | 701 |
| 53 | 537 |
| 142 | 7224 |
| 53 | 537 |
| 158 | 6565 |

acter and veracity and her disposition to resort to criminal practices. And when such cross-examination had been excluded it was farther error to permit complainant's counsel to ask her for her own version of the facts, and to receive it without cross-examination.

2. It is not clearly error to permit argument in a bastardy case upon the resemblance between the child and the respondent, as the child may properly enough be in the court room, and the jury cannot be prevented from noticing it.

3. Refusal to submit a question for specific findings is not error when it involves facts from which no legal conclusion can be drawn.

4. Young children should not be examined as witnesses as to indecent matters; but if they are competent witnesses there is no impropriety in asking them as to the social intimacy of parties.

5. A judgment in a bastardy case requiring respondent to file a bond without sureties as an alternative to imprisonment does him no legal injury unless imprisonment itself would be unlawful.

6. Imprisonment for a wrongful act in no way dependent on contract is not unconstitutional.

7. Certiorari may sometimes serve as a writ of error; and if the testimony covers the whole matter in dispute and the case was regularly in the trial court for hearing, a new trial may be ordered on reversal.

8. A trial judge should prevent the abuse of the functions of counsel.

9. Costs were not awarded upon the reversal of judgment on certiorari where a new trial was ordered.

Certiorari to Wayne. (Jennison, J.) April 18.—April 30.

BASTARDY. Respondent brings error. Reversed.

*James H. Pound* for respondent appellant. Speculation as to resemblance between a respondent in a bastardy case and the child is proper: *Eddy v. Gray* 4 Allen 435; *Keniston v. Rowe* 16 Me. 38; a child who is competent to testify in a murder case can testify in a case of bastardy: *Washburn v. People* 10 Mich. 386; judgment for imprisonment must be determinate: *Brownbridge v. People* 38 Mich. 751; a judgment requiring one to give security for a debt or be imprisoned is unconstitutional: *Byers v. State* 20 Ind. 48; *Holmes v. State* 2 Greene (Ia.) 501; *State v. Glenn* 14 S. C. 118; but see *Musser v. Stewart* 21 Ohio St. 353; *Rich v. People* 66 Ill. 513; *Paulk v. State* 52 Ala. 427.

Attorney General *Van Riper* for the People.

CAMPBELL, J. White was convicted of bastardy. The offense was alleged and testimony given to prove it to have been committed on the 15th of November, 1881. Errors are alleged concerning the judgment and rulings on the trial and the charge.

The testimony, if true, indicated that probably the act complained of was rape. The testimony not being given in full or in substance, we cannot tell just how this was. It seems to have been shown without dispute that the person outraged made no outcry or complaint to any one thereafter, and concealed the fact, if it was a fact, from her mother.

The court below refused to allow her to be asked on cross-examination whether she had not, and whether her mother with her had not, stated to various persons named that complainant was going to get a prostitute, then in the House of Correction, out of it, and hire her to swear a case against respondent. And having refused this the court allowed her own counsel to ask her for her version of this conversation.

These rulings were erroneous and injurious to respondent. Such questions were admissible on two grounds. They were directly important in bearing on the character and veracity of the witness, and they bore also on her disposition to resort to criminal practices to injure him. And it is very clear that it was improper to allow her to give her own version without cross-examination, and shut out cross-examination.

We do not well see how the jury could be prevented from noticing the child, which was properly enough in court, and while arguments of resemblance in so young an infant, in the absence of peculiarities, are a little preposterous, it is difficult on this record to determine that any rule of law was violated in discussing it. It is the duty of a trial court to take some pains to prevent an abuse of the functions of counsel in many things which are too intangible to get upon the record. Some extravagance is not unusual in cases involving sensational elements.

The question which the court refused to lay before the jury for specific findings involved facts from which the law could draw no legal conclusion, and therefore there was no error

in excluding them for the reasons alleged and for the purposes announced.

We agree in the scruples which were expressed by the circuit judge in regard to allowing young children to be examined concerning indecent questions. But if, as it has been held she might be, the child was a competent witness, there was nothing improper in the questions on which she was sought to be examined. There could be nothing demoralizing in asking how far the complainant lived on terms of intimacy with defendant's family, as there was no claim anywhere that anything improper occurred between complainant and defendant except on November 15th. It was important to know whether the subsequent social intercourse of the parties was such as was consistent with such a wrong as complainant sets up, and we think it would have been proper to allow this testimony. But we do not think it would be proper to put unclean questions on direct or cross-examination to such a child, as we see no reason to suppose any one would have been vile enough to attempt it.

We think there was some reason to criticise the no doubt unconscious leaning of the judge to bear more heavily on the testimony of the one side than on that of the other. But as the case must be reversed on other grounds we shall not discuss the charge. The judgment which allowed a bond without sureties is not one which could work damage to respondent, unless the imprisonment ordered was unlawful. But no constitutional reason has been pointed out why imprisonment is not lawful for a wrongful act not in any way dependent on contract.

The judgment must be reversed; and inasmuch as the case was regularly in the circuit court for hearing and there was testimony covering the whole matter in dispute, we see no legal reason for not ordering a new trial in lieu of an absolute reversal. The difficulties do not exist here which ordinarily stand in the way of further action below after reversal on certiorari. That writ may stand for some purposes as a writ of error; and in *Cross v. People* 10 Mich. 24 we re-

mitted a reversed bastardy case to the circuit court for further action.

A new trial will therefore be ordered with the reversal. We make no order for costs, as there is some doubt how they can be awarded.

The other Justices concurred.