SCHANEN, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*December 6, 1929—January 7, 1930.*

The cause was submitted for the appellant on the brief of *Schanen & Huiras* of Port Washington, and for the respondent Industrial Commission on that of the *Attorney General* and *Mortimer Levitan,* assistant attorney general.

ROSENBERRY, C. J.   Sec. 102.07 (4), Stats. 1925, is as follows:

"The term 'employee' . . . shall be construed to mean:
"Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, all helpers and assistants of employees, whether paid by the employers or employee, if employed with the knowledge, actual or constructive, of the employer, and also including minors of permit age or over (who, for the purposes of section 102.08, shall be considered the same and shall have the same power of contracting as adult employees), but not including any person whose employment is not in the usual course of the trade, business, profession, or occupation of his employers, unless such employer has, by an affirmative election, in the manner provided in subsection (1) of section 102.05, specifically elected to include

domestic and other employees under coverage of the act. A working member of a partnership receiving wages irrespective of profits from such partnership shall be deemed an employee within the meaning of sections 102.03 to 102.35, inclusive."

The boys employed as the claimant was were paid at the end of their daily services at the rate of four cents per man per game; that is, if a boy set pins for two bowlers he was entitled to eight cents for each game they played; if there were four bowlers he would be entitled to sixteen cents. The claimant in this case was paid upon that basis. He had set pins for four nights, being injured on the fourth night. On Tuesday night he got seventy-five cents; on Wednesday night ninety cents; on Thursday night ninety-six cents; and on Friday night to the time of his injury he had earned one dollar. On the night in question, in addition to the claimant, one other boy was setting pins. The pin-setting was done among a group of six or seven boys who lived in the neighborhood, no one boy being regularly employed.

About a month before the happening of the accident the plaintiff was at the poorhouse and there met one Nic Schlim, whom he had known for twenty-five years. Schlim was sixty-eight years of age, not competent to do hard work, and begged the plaintiff to take him along and let him stop at his home while he looked for a job. There was no agreement as to compensation or for the performance of any services. Schlim did come to the plaintiff's place of business, and while there he at different times performed slight services such as cleaning spittoons and tending the furnace fire. Prior to the date of the injury to plaintiff, Schlim had left to work for one Gust Wegner at Grafton; he worked for Wegner a couple of weeks and again returned to plaintiff's home; he would then look for another job and would be away as long as the job lasted. He had borrowed money from the plaintiff, and at the time of the

hearing owed him $10 or $15 and had nothing with which to pay him. In addition to these circumstances the plaintiff had a daughter Florence. She had a chum, Florence Quastenberg, a girl at the time about sixteen years of age. During the month of December Florence Quastenberg came home with the plaintiff's daughter, assisted her in making the beds, and worked upstairs in the part of the premises occupied by the family. After the holidays Mrs. Schanen employed Florence Quastenberg to work about the house and paid her $7 a week in cash. Plaintiff said he knew nothing about this employment. Florence Quastenberg in an interview with an investigator stated that she began work about two weeks before Christmas. This quite clearly referred to the time when she first commenced to go there with the plaintiff's daughter and not to the time when she worked under any employment from the plaintiff's wife.

At the close of the hearing the commission found that both the applicant and the respondent were subject to the workmen's compensation act; that the respondent was not insured; that the weekly wage of the applicant was $10.50; found that he was entitled to compensation in the total sum of $523.26, and that by reason of the fact that the applicant was a minor fifteen years of age and was employed without a permit the respondent was liable for treble compensation, and awarded compensation for $1,569.78.

In disposing of the question raised the trial court said:

"While the evidence as a whole in this case is such that the commission might well have found in favor of the contention of the employer that he never had three employees in common employment, yet there is credible evidence, in part set forth in detail in the attorney general's brief, enabling the commission, under the liberal rules established for its guidance, to find an award as it has; and, in accordance with the law as abundantly set forth in the decisions, this court is not permitted to interfere with the commission's

opinion on the evidentiary facts where there is any evidence which furnishes a basis for such opinion."

There is evidence in the record which would justify the finding of the commission to the effect that there were two pin boys employed at the time that Nic Schlim was in and about the premises, so the case turns on whether or not Schlim was an employee within the meaning of the statute. A careful study of the record convinces us that Schlim was not an employee in the sense in which that term is used in the statute. He did not come to the plaintiff's premises at the request of the plaintiff; he did no work in or about the premises at the request of the plaintiff. He was an old acquaintance and friend who had fallen into misfortune and begged to be taken out of the hands of the public authorities and to be permitted to come and stay with the plaintiff until he could find a job. He not only earned no money but he borrowed money; he had no assigned duties; he came and went as he pleased; he was no part of the establishment; when he was gone it went on exactly as it had before he left. The evidence discloses that at the time Schlim left the poorhouse to go with the plaintiff to the home of the plaintiff, the relationship which existed between the parties was that of host and guest, and there is no evidence to the contrary. There is no evidence that at any time there was any talk or arrangement or agreement between Schlim and the plaintiff with respect to his employment. He was there due to a charitable impulse on the part of the plaintiff, moved by the fact that he had known the plaintiff for twenty-five years and was willing to take him to his home while he endeavored to look for means by which he might escape his confinement. It was a situation which not infrequently arises. It is undisputed that after he arrived at the home of the plaintiff at irregular intervals he performed slight services. There is no evidence that he had

regular duties to perform or that anybody expected him to do more than he might be moved to do upon the impulse of the moment. He came and went as he chose. If the general effect of the evidence be ignored, it is possible to extract from the record certain scraps of evidence which may be said to sustain the finding that he was an employee. Taking the evidence as a whole, however, there is no dispute. The only question that arises upon the undisputed evidence is whether the relationship which existed between the plaintiff and Schlim in the month of December, 1926, was that of host and guest or employer and employee. There was no contract of hire, express or implied. It is true that the plaintiff testified that it was understood that he was to work for his board, but the only understanding that was had in regard to it was the fact that he came there under the circumstances indicated; that nobody expected him to pay board, and that whatever he did was done of his own accord. In that sense and no other he worked for his board. If Schlim had fallen and injured himself while living with the plaintiff, would he have been entitled to compensation as an employee? We think not. A mere charity should not be held to impose liability upon the plaintiff. Upon the whole case it is considered that Schlim was not an employee within the meaning of that term as used in the workmen's compensation act.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to enter judgment vacating the award of the Industrial Commission.