RAY C. STILES, JR., Appellee, v. DES MOINES COUNCIL BOY SCOUTS OF AMERICA et al., Appellants.

No. 40244.

MARCH 18, 1930.

*Parrish, Cohen, Guthrie, Watters & Halloran* and *D. C. Nolan,* for appellants.

*Miller, Miller & Miller,* for appellee.

DE GRAFF, J.—The appellee, a minor, was a member of the Boy Scouts of America, an organization, national in scope, for the upbuilding of character and training in citizenship of male youths of this country. He had assiduously applied himself in the activities of the organization, and had been advanced from the lowest to the highest rank of Boy Scouts. The branch of the national organization in charge of the activities in Des Moines, Iowa, and contiguous territory, was a corporation under the name of Des  Moines Council of Boy Scouts of America, having been incorporated under Title IX, Chapter 2, of the Code, 1897, and acts amendatory thereto, pertaining to corporations not for pecuniary profit. It had for its objects the promoting of the Boy Scout program for character development, citizenship training, physical fitness, and Americanization in the territory covered by the charter granted by the National Council of Boy Scouts of America, in accordance with the rules and regulations adopted by the said National Council. Membership in the Des Moines Council is limited to men 21 years old and over, who are citizens of the United States, or who have legally declared their intention to become such citizens, and who subscribe to the declaration of principles adopted by the National Council, and are otherwise entitled to leadership in the Boy Scout program. Local groups of citizens are granted charters to organize Boy Scout troops and to appoint representatives to the Des Moines Council. Additional members are selected from religious, civic, educational, business, and labor interests of the community. The local organization receives its financial support solely through personal contributions and a subsidy from the Welfare Bureau. Among the activities is instruction in the various arts and crafts, nature study, horsemanship, physical training, and athletic exercises. For the purpose of such instruction, the Des Moines Council of Boy Scouts of America conducts a summer camp, located in Boone County, Iowa, where all boy scouts are permitted to go,

upon payment of a small fee for their board while there. It is necessary that some older persons shall have charge and supervision of training and deportment of the youthful boy scouts. A staff, composed of some of the executives of the Des Moines Council, together with boy scouts of the higher ranks of scouting, is organized, to take charge of the camp. This staff is divided into two sections, the senior and junior staff. The senior staff has control over the junior staff and all boy scouts attending the camp. The members of the junior staff assist the senior staff. All attendance at the camp is purely voluntary, and intended for the advancement of boy scout education. The junior staff members are given their board and lodging while at the camp, and this represents the only advantage derived by such junior staff members over the other boy scouts for their services in assisting in the activities at the camp. It will plainly be seen from the foregoing that the organization, both national and local, is of a purely eleemosynary character. The fact that the local organization has been duly incorporated under the Iowa statutes as a nonprofit institution does not affect or change the nature of the organization in any manner whatsoever.

The appellee was an Eagle Scout, the highest rank attainable among Boy Scouts. He had successfully passed the "tryouts" or tests for fitness as a life guard at the camp for the season of 1928, and, upon his voluntary action, became a member of the junior staff. On June 7, 1928, he, with other boy scouts, went to the camp in Boone County, to prepare for the reception of the regular Boy Scout visitors. There was to be a class in horsemanship, among the many other classes conducted at the camp, and some horses, fresh from pasturage, had been ridden from Des Moines to the camp by some of the junior staff, among whom was the appellee. Among the other duties to which the appellee was detailed by the senior staff was the exercising of the horses, the purpose being to "gentle" the animals for use by the younger scouts. On June 8th, while engaged in riding a horse, the appellee received an injury by being kicked by a horse in charge of another boy scout.

On May 22, 1929, the appellee, by his father and next friend, filed a petition with the Iowa industrial commissioner, seeking compensation for his injury, alleging that he was in the employ of the appellant the Des Moines Council of Boy Scouts

of America, and while in its employ had received an injury arising out of and in the course of such employment. The appellant filed a denial, claiming, among other things, that the appellee was wholly occupied, at the time of the injury, in pursuit of pleasure, recreation, and self-development; that the appellee was a member of the Boy Scouts, and could not maintain a suit against the appellant for any injury claimed to have been sustained while engaged in the service of the organization. It was also alleged and admitted that the Federal Surety Company had issued its workmen's compensation insurance policy to said Des Moines Council. On June 11, 1929, a hearing was had before Ralph Young, deputy industrial commissioner, the statutory arbitration committee having been waived by both parties, and after submission of evidence, including a copy of the articles of incorporation of the appellant the Des Moines Council of Boy Scouts of America, an award was made by the deputy industrial commissioner in favor of the appellee, granting 12 weeks' compensation at the rate of $5.75 per week, together with surgeon's and hospital charges, as provided by statute. A petition for a review of the award was filed by the appellant with the industrial commissioner, and upon review, the industrial commissioner found that the Des Moines Council of Boy Scouts of America qualified as an employer, within the meaning of the Iowa Workmen's Compensation Statute; that the appellee was duly employed by such employer; and that the disability sustained arose out of and in the course of such employment,—and affirmed the award. Appeal was taken by the appellant to the district court of Iowa in and for Boone County, and after submission of the matter, the said court, on October 7, 1929, entered a decree affirming the decision of the industrial commissioner in all respects, and judgment was entered against the appellant and the Federal Surety Company for sums aggregating $203.35, with interest from June 11, 1929, and for costs.

I. The question to be determined here is whether the district court erred in affirming the decision of the industrial commissioner. The Workmen's Compensation Act provides that any

decision by the industrial commissioner may be modified, reversed, or set aside on one or more of four grounds only (Section 1453, Code, 1927), among which are the following:

"3. If the facts found by the commissioner do not support the order or decree.

"4. If there is not sufficient competent evidence in the record to warrant the making of the order or decision."

Before an award can be made under the terms of the Workmen's Compensation Act, it must conclusively appear that the employer has come within the scope of the act, and also that the claimant is the employer's workman or employee, or, in other words, that the relationship of master and servant existed between the parties at the time of the injury, and that such injury occurred in the course of such relationship and arose out of the employment.

The only question in this case is whether Ray C. Stiles, Jr., is a workman or employee, within the scope of the Workmen's Compensation Act of Iowa. If legal tests fail to show affirmatively such fact, then no award should have been made, and the district court erred in affirming the decision of the industrial commissioner.

Section 1363 of the act provides that:

"Except as provided by this chapter, it shall be conclusively presumed that every employer has elected to provide, secure, and pay compensation according to the provisions of this chapter for any and all personal injuries sustained by an employee arising out of and in the course of the employment * * *."

The term "every employer" is very comprehensive, when taken literally, but when construed according to the intent of the act, it is found to have a somewhat restricted meaning. Employers of persons engaged in clerical work only, employers of domestic servants, employers of persons engaged in agriculture, and of persons whose employment is of a casual nature, and not for the purpose of the employer's trade or business, employers of persons engaged in interstate commerce and under control of the Federal Employers' Liability Act, employers of persons standing in the representative capacity of the employer, employers of in-

dependent contractors, employers of those who render professional service to them, such as attorneys, physicians, and others, are some of the employers not within the scope of the act, and are excepted from the term "every employer." It also follows that not every employee is within the scope of the act, some having been specifically excluded by the words of the act. This court has, upon numerous occasions, defined the scope of the Workmen's Compensation Act as respects employments. See *Mitchell v. Phillips Min. Co.*, 181 Iowa 600; *Griffith v. Cole Bros.*, 183 Iowa 415; *Oliphant v. Hawkinson*, 192 Iowa 1259; *Pfister v. Doon Elec. Co.*, 199 Iowa 548; *Tunnicliff v. Bettendorf*, 204 Iowa 168. See, also, *Klawinski v. Lake Shore & M. S. R. Co.*, 185 Mich. 643 (152 N. W. 213) ; *Holbrook v. Olympia Hotel Co.*, 200 Mich. 597 (166 N. W. 876) ; *Hoenig v. Industrial Com.*, 159 Wis. 646 (150 N. W. 996).

The appellee was a Boy Scout of high rank. He had received the benefits of the organization since his enrollment therein. Those who had advanced in scouting before him assisted him in his advancement, and it was obviously his duty to lend what assistance he could to those scouts who were following him up the ladder of scouting. He had passed the required tests to show his qualifications to render what assistance he could to his younger brother Boy Scouts, and he voluntarily undertook to do whatever his duty as an Eagle Scout required him to do. The fact that he was to be relieved from expense while attending the camp did not, of itself, constitute remuneration for his services, nor make him a workman or employee, within the terms of the Workmen's Compensation Act. He had the choice of refusing to attend the camp, or of leaving it whenever he desired. The fact that his injury was caused by a horse which was to be used in the activities made no difference. It would be a mere stretch of imagination to conceive the appellee as a "workman" or employee, within the scope of the "Workmen's Compensation Act," at the time of his injury.

II. The Federal Surety Company is shown to have issued its workmen's compensation policy to the appellant Des Moines Council of Boy Scouts of America. It was made a party defendant in this action, and by reason thereof, the judgment entered in the district court is also against it. The fact that a policy was issued did not in any manner whatsoever change the

status of the Des Moines Council of Boy Scouts of America as an employer, nor did it operate to bring that institution within the scope of the Workmen's Compensation Law.

The record does not contain sufficient competent evidence to warrant the making of the decision that was made by the Iowa industrial commissioner, and therefore the district court erred in affirming the decision and entering judgment against the Des Moines Council of Boy Scouts of America and the Federal Surety Company. The judgment must be, and is,—*Reversed.*

MORLING, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.