THOMAS F. GREENE'S CASE.

Suffolk.   October 6, 1932. — October 26, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, To whom act applies. *Agency*, Existence of relation. *Words*, "Contract of hire," "Employee," "Laborer, workman or mechanic."

A prisoner serving a sentence in a county jail, who in 1929 received injuries arising out of and in the course of the performance of manual labor which he was compelled to perform therein, was not entitled to compensation under the workmen's compensation act: he was not an employee of the county within the meaning of G. L. c. 152, § 1 (4), nor a laborer, workman or mechanic in its service within the meaning of § 74.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by

the Industrial Accident Board dismissing a claim for compensation.

Material facts are stated in the opinion. By order of *Whiting*, J., in the Superior Court, a decree was entered in accordance with the decision by the board. The claimant appealed.

*S. B. Horovitz*, for the claimant.

*M. A. Costello*, Assistant Corporation Counsel, for the insurer.

CROSBY, J.   A claim for compensation dated December 27, 1929, was filed in which the date of injury to the claimant was given as August 17, 1929, and the cause of injury: "while cleaning sewers with hot water and lye . . . [the claimant] received severe burns" upon both legs.   The single member of the Industrial Accident Board found that the claimant "was sentenced to the Charles Street Jail for three months to work out a fine of $125"; that when he had been there about ten days he was sent to the women's side of the prison to clean a sewer and fell into boiling water and lye receiving a severe injury; that he was taken to a hospital where he remained during the remainder of his term.   The single member stated in the decision that the only question was whether or not the claimant was an employee within the meaning of G. L. (Ter. Ed.) c. 152, § 1 (4).   He found that the claimant was not, and dismissed the claim for compensation.   The reviewing board affirmed the decision of the single member, and found "that the claimant was a prisoner, confined within the Charles Street Jail for failure to pay a fine of $125 imposed upon him by order of the court in criminal proceedings. . . ."   A final decree was entered in the Superior Court dismissing the claim.   From this decree the claimant appealed.

The only question presented by the appeal is whether the claimant was an employee at the time he was injured within the meaning of G. L. (Ter. Ed.) c. 152, § 1 (4), which reads: "'Employee,' every person in the service of another under any contract of hire, express or implied, oral or written, except masters of and seamen on vessels engaged in interstate or foreign commerce, and except one whose employment is

not in the usual course of the trade, business, profession or occupation of his employer. . . ." The claimant as a prisoner was confined in jail for failure to pay a fine imposed upon him by order of court. The fact that he was obliged to perform labor did not constitute him an employee of the county "under any contract of hire, express or implied, oral or written." These words as used in the statute imply a voluntary relation between the parties and are not applicable to a prisoner who is compelled to perform manual labor as punishment for his offence, and the board in substance so ruled. It is plain that the claimant at the time he received his injuries was not an employee in the service of the county under any contract of hire express or implied. The provisions of G. L. c. 152, § 74, even before its amendment by St. 1930, c. 159, do not give to the claimant any right to compensation. He was not under the statute before its amendment a laborer, workman or mechanic in the service of the county "under any employment or contract of hire, expressed or implied, oral or written," within the meaning of the statute, for the reasons hereinbefore stated. *Lawson* v. *Travelers·Ins. Co.* 37 Ga. App. 85, and cases cited.

The final decree which recites that the claimant was not an employee of the county, nor a laborer, workman or mechanic under a contract of hire or employment by the county within the scope of G. L. c. 152 when he received the injury of August 17, 1929, was correct, and the claim for compensation was rightly dismissed.

*Decree affirmed.*