ROBERT JACKSON v. NORTH CAROLINA EMERGENCY RELIEF ADMINISTRATION, CITY OF RALEIGH, AND THE WELFARE DEPARTMENT OF WAKE COUNTY.

(Filed 21 March, 1934.)

**Master and Servant F a—**

A person furnished work for the relief of himself and family and paid with funds provided by the Federal Emergency Relief Administration is not an "employee" of the relief administrative agencies within the meaning of the Compensation Act. N. C. Code, 8081(i), (b).

APPEAL by plaintiff from *Harris, J.,* at October Term, 1933, of WAKE. Affirmed.

This proceeding was begun and was prosecuted by the plaintiff before the North Carolina Industrial Commission for compensation under the provisions of the North Carolina Workmen's Compensation Act, chapter 120, Public Laws of 1929, chapter 133(a), N. C. Code of 1931.

From an award made by the Industrial Commission to the plaintiff, the defendants appealed to the Superior Court of Wake County. The judge of the Superior Court reversed the award, and dismissed the proceeding. The plaintiff appealed to the Supreme Court.

*Ball & Ball for plaintiff.*
*Charles B. Aycock for defendant.*

BELL v. RALEIGH.

CONNOR, J. During the month of July, 1933, the plaintiff, a resident of the city of Raleigh in Wake County, was in need of means of support for himself and family, because of his inability to procure employment. In this situation, he appealed to the Welfare Department of Wake County for work. The Welfare Department undertook to procure work for plaintiff as a "relief worker." Plaintiff was assigned to work for the city of Raleigh, at its woodyard. Arrangements were made by which the North Carolina Emergency Relief Administration paid to plaintiff, while he was at work for the city of Raleigh, the sum of $2.25 per week. This sum was paid out of funds provided by the Federal Emergency Relief Administration pursuant to an act of Congress.

While plaintiff was at work, under this arrangement, at the woodyard of the city of Raleigh, on 23 August, 1933, he was injured by an accident, which arose out of and in the course of his work. The Industrial Commission awarded plaintiff as compensation for his injury the sum of $7.00 per week, for a period of one week. This award was reversed by the judge of the Superior Court, on the ground that plaintiff was not an employee of the defendants or of either of them, within the meaning of that term as used in the North Carolina Workmen's Compensation Act, at the time he was injured. On his appeal to this Court, plaintiff contends that there was error in the judgment of the Superior Court. This contention cannot be sustained.

The word "employee," as used in the North Carolina Workmen's Compensation Act, means, "every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written." Public Laws of 1929, chapter 120, section 2, paragraph b, N. C. Code of 1931, section 8081(i), (b). Plaintiff was not an employee: he was a "relief worker." He was not employed by the defendants or either of them: he was provided with work, because of his need of means of support for himself and his family. The money paid to him each week was not paid as remuneration for his work, but was paid for the relief of himself and his family. See *Bosham v. County Court of Kanawa County* (W. Va.), 171 S. E., 893. The judgment is
　　Affirmed.