VILLAGE OF WEST MILWAUKEE, Plaintiff and Respondent, vs. INDUSTRIAL COMMISSION and another, Defendants and Respondents: MILWAUKEE COUNTY, Defendant and Appellant.

*May 10—September 11, 1934.*

For the appellant there was a brief by *Wm. A. Zabel,* district attorney of Milwaukee county, *O. L. O'Boyle,* corporation counsel, and *Clark J. A. Hazelwood,* assistant corporation counsel, and oral argument by *Mr. Hazelwood.*

*Harry V. Meissner* of Milwaukee, for the respondent Village of West Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

A brief was also filed by *Quarles, Spence & Quarles,* attorneys for Employers Mutual Liability Insurance Company, and *Kenneth P. Grubb* and *Jefferson D. Burrus* of counsel, all of Milwaukee, as *amicus curiæ* on motion for rehearing.

A brief was also filed by *Joseph A. Padway,* attorney for Wisconsin State Federation of Labor, and *L. A. Tarrell* of counsel, both of Milwaukee, as *amicus curiæ* on motion for rehearing.

The following opinion was filed June 5, 1934:

FRITZ, J. On this appeal the village of West Milwaukee and the county of Milwaukee contend that neither of them

is liable for workmen's compensation under ch. 102, Stats., for the death of Robert Yunker. Yunker, who was a resident of West Milwaukee, in Milwaukee county, had received relief and support for himself and his family from Milwaukee county under ch. 49, Stats., from October, 1932, until he died in August, 1933. As that county had adopted the county system of poor relief in accordance with sec. 49.15, Stats., it was obliged, under ch. 49, Stats., to provide for Yunker and his family as long as they remained public charges. It furnished supplies, etc., to Yunker at a monthly expense of $27.16, and he was not required to do any work in return. In October, 1932, the county adopted a program for "made-work" for men who were receiving relief. That program was entirely on a voluntary basis. Its purpose was to give men who had been receiving relief which the law required the county to provide, an opportunity to work if they wanted to. It was designed to keep up their morale and self-respect, and otherwise improve their mental state by having them active instead of idle. Under and in accordance with that program, West Milwaukee filed a request for the services of forty men from the county relief rolls to voluntarily work on public projects in that village. Shortly thereafter, Yunker voluntarily filed a request with the county relief department to work under that program, and there was issued to him an identification slip, which stated his eligibility to work as one of the forty men requested by the village of West Milwaukee, and which he was told to present to the street commissioner of West Allis. Upon presenting that slip, he started to perform "made-work" for West Milwaukee under its supervision. Under the program he worked forty hours per month at first, and subsequently that time was increased to forty-eight hours. He was fatally injured while engaged in that work in July, 1933. Under the program he was not to receive, and did not receive anything from West Milwaukee, but he received

from Milwaukee county $20 a month when he worked forty hours, and $24 a month when he worked forty-eight hours. The differences between those amounts and the $27.16 per month, he continued to receive from the county in supplies as needed by his family. So far as the county is concerned, he remained a public charge and was not taken off of the relief list. He could have refrained from working and could have continued to receive his budgeted necessaries, which the county was still bound by law to furnish, instead of receiving part of his relief in cash upon voluntarily doing "made-work." But, under no circumstances would he have been given more hours of work than his "budget" called for, and his working hours were limited accordingly.

Upon Yunker's death, an application was filed with the Industrial Commission for the payment of compensation by Milwaukee county and the village of West Milwaukee. An award was made against the latter, and it brought this action to have the award vacated. The circuit court entered judgment modifying the award by holding Milwaukee county liable for the award, in lieu of West Milwaukee. Whether either Milwaukee county or West Milwaukee is liable for compensation for Yunker's death depends upon whether he was an employee of either of those municipalities at the time he sustained injury, within the meaning and contemplation of the compensation act. The provisions of the statutes, which are involved in the consideration of that proposition, are as follows:

"Sec. 102.03 (1) Liability under this chapter shall exist against an employer only where the following conditions concur: (a) Where the employee sustains an injury. (b) . . ."

"Sec. 102.07 'Employee' as used in this chapter means: (1) Every person in the service of the state, or of any municipality therein under any appointment, or contract of hire, express or implied. . . ."

Under those provisions there is clearly no basis whatsoever, in so far as Milwaukee county is concerned, for holding that Yunker was an employee of the county or in its service. His relationship with the county was solely that of a dependent person who was receiving relief and support which the county was obliged to provide for him under ch. 49, Stats., and he was in no manner or respect in its service. He did nothing whatsoever for Milwaukee county or at its request. The "made-work" which he voluntarily performed was solely for the benefit of West Milwaukee, and without any legal obligation, contractual or otherwise, on his part to work for either of the municipalities, or, on the part of either, to compensate him therefor. Neither was the performance of his work or his continuance therein under the direction, supervision, or control of the county in any respect. So far as the county is concerned, Yunker was merely one of the recipients of its public charity and, under those circumstances, liability to be paid by the county is wholly foreign to the spirit, as well as the letter of the compensation act. *Schanen v. Industrial Comm.* 200 Wis. 440, 445, 228 N. W. 520; *Thurston County Chapter v. Department of Labor,* 166 Wash. 488, 7 Pac. (2d) 577; *Zoulalian v. New England Sanatorium,* 230 Mass. 102, 119 N. E. 686; *Greene's Case,* 280 Mass. 506, 182 N. E. 857; *Reavey v. Guild of St. Agnes,* 284 Mass. 300, 187 N. E. 557.

The "made-work" which Yunker was doing when he was injured, was performed for the village of West Milwaukee, but he was not an "employee" of that village within the contemplation of sec. 102.07 (1), Stats., because he was not in its service "under any appointment, or contract of hire, express or implied," as is necessary to constitute him an employee under sec. 102.07 (1), Stats. He had voluntarily entered upon and was performing that work, without any appointment or contract with the village. He was not

obliged to enter upon or continue with the work. The village was under no obligation to accept or keep him at work, or to compensate him therefor; and no such compensation was either received or expected by him. As there existed between them no express or implied obligation whatever on the part of either, there was no such relationship as is essential to constitute the status of employee and employer in order to render the latter liable for compensation within the meaning of the compensation act. *Schanen v. Industrial Comm., supra; Rice Lake Golf Club, Inc., v. Industrial Comm.* 215 Wis. 284, 254 N. W. 530; *Stiles v. Des Moines Council Boy Scouts of America,* 209 Iowa, 1234, 229 N. W. 841. In the following cases arising under compensation acts that rule was applied under facts and circumstances similar to those which existed in the case at bar: *McBurney v. Industrial Comm.* 220 Cal. 124, 30 Pac. (2d) 414; *In re Moore* (Ind. App.), 187 N. E. 219; *Vaivida v. City of Grand Rapids,* 264 Mich. 204, 249 N. W. 826; *Jackson v. North Carolina Administration,* 206 N. C. 274, 173 S. E. 580; *Bell v. City of Raleigh,* 206 N. C. 275, 173 S. E. 581; *Basham v. County Court* (W. Va.), 171 S. E. 893; *Thurston County Chapter v. Department of Labor, supra.* See also *Greene's Case, supra,* and *Murray County v. Hood,* 163 Okla. 167, 21 Pac. (2d) 754.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded to the circuit court with directions to enter a judgment setting aside the award of the Industrial Commission and dismissing the proceedings both as to the plaintiff and as to the defendant, Milwaukee county.

A motion for a rehearing was denied, without costs, on September 11, 1934.