DAVENPORT v. CITY OF DETROIT.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PAUPERS.
Indigent inmate of city charity at which two meals a day and lodging were furnished, who was willing to wash dishes for contractor furnishing meals and serving equipment and received three meals a day and 50 cents a week *held*, not an employee of the city within meaning of workmen's compensation act and therefore not entitled to compensation for loss of eye due to injury received while preparing to wash dishes.

Appeal from Department of Labor and Industry. Submitted June 8, 1934. (Docket No. 87, Calendar No. 37,709.) Decided September 18, 1934.

Earl Davenport presented his claim against City of Detroit, a municipal corporation, for accidental injury sustained while allegedly employed by defendant. Award ·to plaintiff. Defendant appeals. Reversed.

*Gloster, Giller & Briggs,* for plaintiff.

*John Atkinson,* Assistant Corporation Counsel (*Raymond J. Kelly,* Corporation Counsel, of counsel), for defendant.

WIEST, J: In March, 1932, plaintiff was an indigent inmate of Fisher Lodge, a charity maintained by the city of Detroit for indigent single men. There he was furnished two meals a day and lodging. The meals for the inmates were provided, together with serving equipment, by the Industrial Lunch Company under contract. The lodge had accommodations for upward of 1,500 men and, to aid in serving meals and washing dishes, inmates who were willing to so work were given three meals a day and 50 cents per week. Plaintiff was willing to so work washing dishes and, while preparing a compound substitute for soap to be used in washing dishes, splashed lye in his left eye, causing blindness and removal of that eye. The accident was known to city employees in charge of the lodge but no report thereof was made to the department of labor and industry. Plaintiff applied for an award under the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*) for loss of an eye and, upon hearing before a deputy commissioner and upon appeal to the board, he was granted compensation. Review is had by appeal in the nature of certiorari.

The relation was not that of employer and employee under the workmen's compensation act.

The case is ruled by our opinion in *Vaivida* v. *City of Grand Rapids,* 264 Mich. 204 (88 A. L. R. 707).

In *Village* of *West Milwaukee* v. *Industrial Commission of Wisconsin,* 216 Wis. 29 (255 N. W. 728), and *McBurney* v. *Industrial Accident Commission,* 220 Cal. 129 (30 Pac. [2d] 414), the *Vaivida Case* was cited and like holdings made.

See also *Jackson* v. *North Carolina Emergency Relief Administration,* 206 N. C. 274 (173 S. E. 580); *Thomas F. Greene's Case,* 280 Mass. 506 (182 N. E. 857); *Stiles* v. *Des Moines Council Boy Scouts of America,* 209 Iowa, 1235 (229 N. W. 841).

The award is vacated, with costs to defendant.

Nelson Sharpe, C. J., and Potter, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.