COSGROVE v. GOGEBIC COUNTY POOR COMMISSION.

WORKMEN'S COMPENSATION—COUNTY POOR COMMISSION—EQUALLY
DIVIDED COURT.

In proceeding to recover workmen's compensation from county
poor commission, award to claimant for injuries received while
working in the woods is reversed, the court being equally
divided as to whether or not the case should be remanded for
reconsideration and redetermination according to rules of law
by the department of labor and industry or the award vacated
absolutely.

Appeal from Department of Labor and Industry.
Submitted June 7, 1934. (Docket No. 57, Calendar
No. 37,714.) Decided January 7, 1935.

John Cosgrove presented his claim against Go-
gebic County Poor Commission, employer, and New
Amsterdam Casualty Company, insurer, for alleged
accidental injury sustained while in defendant's em-
ploy. Award to plaintiff. Defendants appeal. Re-
versed, the court being equally divided as to remand-
ing case to department of labor and industry for
further proceedings or vacating award absolutely.

*William S. Baird,* for plaintiff.

*Derham & Derham,* for defendants.

POTTER, C. J. This is an appeal in the nature of
certiorari from the department of labor and in-
dustry.

The only question is whether there is any evidence
to sustain the award of the commission. To sustain
that award, it was necessary there be evidence that

plaintiff was injured, and that the employer had notice thereof.

The proof shows plaintiff was hired as a foreman of a county wood job; paid by check, at a fixed wage, upon which he received the money, spending it as he pleased; that he was injured by falling in the woods, at which time something hit his eye; that he put some water in the eye, showed it to one of the workmen who said it was red. Plaintiff was working under Frank Duda. He attempted to call Duda by telephone the night of the injury, but he was not at home; but on Monday morning following, he went to Mr. Duda who gave him a county order to go to a doctor, which he did.

There is testimony to sustain the finding of the commission that plaintiff was injured. The important question is whether or not defendant had notice thereof.

Plaintiff went to Frank Duda for whom he worked. Duda gave him a county order to go to a doctor. There is no direct testimony plaintiff gave any specific notice to Duda that his injury grew out of or was incurred in the course of his employment. The department said: "We find no testimony in the record that would indicate that a proper notice was not given by the plaintiff to the defendant. * * * We therefore find that a notice was given."

The burden of proof was upon plaintiff. The department held substantially that upon the question of notice, the burden of proof was upon defendants. This is an erroneous legal conclusion and is subject to review. *Stockley* v. *School District No. 1 of Portage Township,* 231 Mich. 523 (24 N. C. C. A. 170); *Jacobs* v. *Glasser & Hoffman,* 200 Mich. 473; *Bell* v. *Hayes-Ionia Co.,* 192 Mich. 90. The review of the

finding of the commission here sought is by appeal in the nature of certiorari, warranted by 2 Comp. Laws 1929, § 8451. Ordinarily, upon certiorari, this court affirms or reverses cases brought to it from the department of labor and industry. There is testimony in the case tending to establish the fact that notice was given, although no direct testimony thereon. The department was undoubtedly in some doubt about the matter and applied to the solution of the question an improper rule of law. The review by certiorari from the department of labor and industry is analogous to review on certiorari from an inferior court, and while usually the judgment or finding reviewed is either affirmed or reversed, there is no insuperable legal objection to remanding the proceeding under consideration to the department for reconsideration upon a correct principle of law. We think this procedure is warranted by *Cross* v. *People,* 10 Mich. 24, and *People* v. *White,* 53 Mich. 537.

It is for the department of labor and industry to determine, under correct principles of law, whether there is any evidence to sustain its finding, and not for this court.

Therefore, the case is reversed, without costs, and remanded to the department of labor and industry for reconsideration and determination under properly applicable rules of law.

North, Fead, and Bushnell, JJ., concurred with Potter, C. J.

Wiest, J. Plaintiff was destitute and applied to defendant county poor commission for public charity relief.

The poor commission, for charitable purposes, had obtained timber tracts where public charges might procure fire wood and, in the administration of such purpose, had plaintiff mark limits to be observed by his fellow subjects of charity in their cutting of fire wood.

Plaintiff was a subject of public charity and not an employee of the county poor commission within the workmen's compensation law (2 Comp. Laws 1929, § 8407 *et seq.*).

The case is ruled by *Vaivida* v. *City of Grand Rapids,* 264 Mich. 204 (88 A. L. R. 707); *Davenport* v. *City of Detroit,* 268 Mich. 374; *Oleksik* v. *City of Detroit,* 268 Mich. 697. See, also, *Village of West Milwaukee* v. *Industrial Commission of Wisconsin,* 216 Wis. 29 (255 N. W. 728); *McBurney* v. *Industrial Accident Commission of California,* 220 Cal. 124 (30 Pac. [2d] 414); *Jackson* v. *North Carolina Emergency Relief Administration,* 206 N. C. 274 (173 S. E. 580); *Thomas F. Greene's Case,* 280 Mass. 506 (182 N. E. 857); *Stiles* v. *Des Moines Council Boy Scouts of America,* 209 Iowa, 1235 (229 N. W. 841).

The award should be vacated, with costs.

NELSON SHARPE, BUTZEL, and EDWARD M. SHARPE, JJ., concurred with WIEST, J.