366 P.2d 854

*James Freeman* SCOTT, Plaintiff-Appellant,

v.

CITY OF HOBBS, a Municipal Corporation, Employer, and Pacific Employers Insurance Company, Insurer, Defendants-Appellees.

No. 6895.

Supreme Court of New Mexico.

Dec. 8, 1961.

Dewie B. Leach, Neal & Neal, Hobbs, for appellant.

Donald D. Hallam, Hobbs, for City of Hobbs.

Mack Easley, Robert F. Pyatt, Hobbs, for Pacific Employers Ins. Co.

COMPTON, Chief Justice.

This appeal presents the unique question whether, as a prisoner, appellant is entitled to compensation benefits under the provisions of our Workmen's Compensation Act for injuries sustained by him while working for the City of Hobbs. Compensation was denied in the lower court, and he appeals.

The appellant was convicted in the municipal court of having committed an assault and of various traffic offenses, for which he was sentenced to serve a term of 10 days in jail and to pay a fine of $100. He served the jail sentence, and, being unable to pay the fine, his imprisonment was continued, receiving credit thereon at the rate of $1 per day.

City Ordinance 5–118 provides that the municipal judge may order physically fit prisoners to perform work for which the prisoner shall receive additional credit on his fine of $2 for each day he works. It is agreed that the judge issued a standing order that any prisoner electing to work should be so put to work and that appellant did so elect. While thus engaged in work-

ing on the city streets, he sustained an accidental injury, the extent of which is not questioned.

Appellant contends that he falls within the purview of the Workmen's Compensation Act, 1953 Comp. § 59–10–1 et seq. We are unable to agree. The only authority to require a prisoner to work is found in the ordinance. No option is granted a prisoner whether he will work, nor is there any legislative authority either for the release of a prisoner from custody or confinement upon his mere election to work nor authority for the city manager to hire as a city employee one who is in the custody of the municipality under sentence. The fact that appellant, in addition, performed janitor work in the jail for which he was to receive an additional $3 credit per day does not change his status. Murray County v. Hood, 163 Okl. 167, 21 P.2d 754; Greene's Case, 280 Mass. 506, 182 N.E. 857, at least in the absence of statute or municipal ordinance. 1 Larson on Workmen's Compensation § 47.31. Absent legislative authority to release a prisoner from his sentence, the effect of the standing order by the municipal judge could be no more than an order directing that such prisoner perform work for the city. His status as a prisoner was not thereby changed. So long as his status was that of a prisoner, there could not exist the employer-employee relationship resulting from a contract of hire as contemplated by

the Act. Murray County v. Hood, supra; Shain v. Idaho State Penitentiary, 77 Idaho 292, 291 P.2d 870; Greene's Case, supra.

While the "prisoner" question has not previously reached this court, at 1 Larson's Workmen's Compensation Law, § 47.31, the author analyzes the cases very aptly, as follows:

"§ 47.31 Prisoners

"Convicts and prisoners have usually been denied compensation for injuries sustained in connection with work done within the prison, even when some kind of reward attended their exertions. The reason given is that such a convict cannot and does not make a true contract of hire with the authorities by whom he is confined. The inducements which might be held out to him, in the form of extra food or *even money,* are in no sense consideration for an enforceable contract of hire. (Emphasis ours.)

\* \* \* . \* \* \*

" \* \* \* The unique problem of prisoners calls for careful legislative amendment of compensation acts, adapting their coverage to appropriate kinds of prison employment and disability. North Carolina, Maryland and Wisconsin have made a start in this direction."

Appellant relies strongly upon California Highway Commission v. Industrial Acci-

**332**

dent Commission, 200 Cal. 44, 251 P. 808, 49 A.L.R. 1377. The case is distinguishable; it is clear that the decision was based on a California statute authorizing the employment of prisoners. Noticeably, the statute was subsequently repealed. Cal.Law, 1927, Ch. 63, p. 653. He also insists that Town of Germantown v. Industrial Commission, 178 Wis. 642, 190 N.W. 448, 31 A.L.R. 1284, is support for his position. We do not see that this case has any bearing. There, the claimant sustained an injury while working out a road tax.

While not in point, compare Scordis' Case, 305 Mass. 94, 25 N.E.2d 226; Bergstresser v. City of Willow Lake, 63 S.D. 386, 259 N.W. 276; Davenport v. City of Detroit, 268 Mich. 374, 256 N.W. 354; Village of West Milwaukee v. Industrial Commission, 216 Wis. 29, 255 N.W. 728; McBurney v. Industrial Accident Commission, 220 Cal. 124, 30 P.2d 414.

We conclude that appellant's injury did not arise out of and in the course of his employment with the city; hence, it is not compensable under the Workmen's Compensation Act.

The judgment should be affirmed, and it is so ordered.

CARMODY and NOBLE, JJ., concur.

CHAVEZ and MOISE, JJ., not participating.