LANTZ *v.* SCHANZ.

1. Master and Servant—Workmen's Compensation Act—Finding of Department Controlling if Supported by Evidence.

On appeal from award in proceeding under workmen's compensation act, Supreme Court does not weigh evidence, but finding of department of labor and industry is controlling, if there is evidence to support it, notwithstanding there may be conflicting testimony.

2. Same—Relationship of Employer and Employee.

Finding of department that relationship of parties was that of employer and employee, *held,* supported by evidence.

3. Same—Compensation—Basis of Award.

Where employee's earnings for five days he worked prior to injury resulting in death amounted to $9.62, award of compensation based thereon should have been $7.68 per week for 300 weeks, and therefore, on appeal, award of $9 per week for said period is reduced to correct amount (2 Comp. Laws 1929, § 8427, subds. b, c).

Appeal from Department of Labor and Industry. Submitted October 28, 1932. (Docket No. 207, Calendar No. 36,576.) Decided December 6, 1932.

As to conclusiveness of finding of compensation board or commission, see annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186.

As to basis of award, see annotation in L. R. A. 1916A, 149, 260; L. R. A. 1917D, 175; 2 A. L. R. 1642; 22 A. L. R. 864.

Beryl B. Lantz and others presented their claim against Conrad Schanz, employer, and American Employers' Insurance Company, insurer, for the accidental death of Gordon Lantz while in defendant's employ. Award to plaintiffs. Defendants appeal. Modified and affirmed.

*Henry I. Bourns,* for plaintiffs.

*G. Wilson Gloster,* for defendants.

McDONALD, J. This is a review by certiorari of an award by the department of labor and industry granting compensation to the plaintiffs for accidental injuries to Gordon Lantz which resulted in his death.

The plaintiff Beryl B. Lantz is the widow of decedent. The other plaintiffs are their minor children. The defendant, Conrad Schanz, is a general contractor at Chelsea, Michigan. He employed Gordon Lantz, decedent, to work in wrecking an icehouse. While engaged in this work decedent fell through an upper floor and was so seriously injured that he died a few hours later. It is admitted that the injury was accidental and arose out of and in the course of his employment. The principal issue is whether Gordon Lantz was an employee or an independent contractor. The commission found that he was an employee and there is evidence to support the finding.

The deceased worked five days prior to his death. There is evidence that he was not employed to do a specified piece of work; that he worked by the hour and was paid 25 cents an hour except that on the last day he worked he was paid $4 per thousand for 500 feet of lumber removed from the building and

piled on the ground. There is evidence that defendant was frequently on the job directing the work, and that when he was not there, his son-in-law, Mr. Atkinson, was in charge; that on one occasion defendant took him off the job and directed him to assist in drilling a well. There is evidence that the right to control the work and to discharge the deceased was with the defendant. The defendant calls our attention to other testimony which tends to show that the deceased was an independent contractor. We do not weigh the evidence in these cases. The finding of the commission controls if there is evidence to support it. There was evidence in support of the finding that the relationship of the parties was that of employer and employee.

The remaining question relates to the amount of compensation awarded. The amount awarded was $9 a week for a period of 300 weeks. The statute makes the average daily wage the basis for estimating the amount of compensation. The record shows that the deceased earned $9.62 for the 5 days he worked prior to his death. Dividing the total earnings by five would show a daily wage of $1.92. Multiplying this by six shows a weekly wage of $11.52, 66⅔ per cent. of which is $7.68, the rate of weekly compensation. See *Conrad* v. *Cummer-Diggins Co.*, 224 Mich. 414; 2 Comp. Laws 1929, § 8427, subds. b and c.

The case is remanded for the reduction of the award in accordance with this opinion. Neither party will have costs.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.