McLAUGHLIN v. ANTRIM COUNTY ROAD COMMISSION.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COUNTY
ROAD COMMISSION—RELATION OF EMPLOYEE.
    Unmarried man formerly on welfare list, working for county
        road commission for 25 cents per hour for nine-hour day, paid
        in cash without restrictions as to how he should spend it and
        not receiving ·welfare aid while so employed, was employee
        within meaning of the workmen's compensation act, the rela-
        tionship being contractual and a voluntary one on both sides
        since road commission is under no obligation to support poor,
        and, therefore, his dependent mother is entitled to compensa-
        tion for his death due to injuries received while he was so
        working (2 Comp. Laws 1929, § 8413 [1]).

2. SAME—DEPENDENCY—FINDING OF DEPARTMENT CONCLUSIVE ON
QUESTION OF FACT.
    Question of dependency as a rule is question of fact to be deter-
        mined by the evidence and department's finding of total de-
        pendency, having evidentiary support, is conclusive on the
        Supreme Court (2 Comp. Laws 1929, § 8451).

Appeal from Department of Labor and Industry.
Submitted January 10, 1934.  (Docket No. 106, Cal-
endar No. 37,579.)  Decided March 6, 1934.

Susan McLaughlin presented her claim, as de-
pendent, against Antrim County Road Commission,
employer, and State Accident Fund, insurer, for the
accidental death of her son John McLaughlin while
in defendant's employ.  Award to plaintiff.  Defend-
ants appeal.  Affirmed.

*Leon W. Miller,* for plaintiff.

*Roy Andrus,* for defendants.

EDWARD M. SHARPE, J. This is a review by appeal in the nature of certiorari of an award by the department of labor and industry granting compensation to plaintiff for accidental injuries to John McLaughlin which resulted in his death. Prior to his death, plaintiff's decedent, an unmarried man, aged 28 years, together with his younger brother, aged 23, lived in Antrim county near Mancelona with their widowed mother, the plaintiff in this case. For about three years this family had been receiving some aid from the county and from the Red Cross in the form of fuel, clothing and food.

During the spring and summer of 1932 the decedent and his younger brother did whatever work they could get to do, such as cutting stove wood, picking cherries and picking up potatoes. In August, 1932, the decedent worked one day a week for the village of Mancelona and received for each day's work a ticket good for $1.50 in groceries. Decedent also worked for the village occasionally and in like manner until February, 1933. The younger brother did some work and both boys lived at home with their mother, yet decedent was considered as the head of the family.

Decedent began work for the Antrim county road commission February 13, 1933, and worked at intervals until April 20, 1933, when he sustained his fatal injury. The county road commission when in need of laborers would notify the welfare committee of the number wanted, and men on the welfare list were then sent out to the road commission and put to work. The county road commission set their wages, directed their work and had the right to discharge them. Decedent's wages were 25 cents an hour for a nine-hour day and were paid in cash. No restrictions were placed upon the men as to how they

should spend their money, but during the time decedent worked for the road commission his family received no aid from the county.

Two questions are involved in this case. First, was plaintiff's decedent, John McLaughlin, an employee of the Antrim county road commission at the time of his fatal accident? Second, was plaintiff totally dependent for support upon the earnings of the decedent, John McLaughlin?

The first question to be considered is whether plaintiff was an employee of the Antrim county road commission within 2 Comp. Laws 1929, § 8413 (1), as amended by Act No. 58, Pub. Acts 1931, which reads as follows:

"Every person in the service of the State, or of any county, city, township, incorporated village or school district therein, under any appointment, or contract of hire, express or implied, oral or written, except any official of the State, or of any county, city, township, incorporated village, or school district therein, elected at the polls."

Defendants contend that plaintiff was not an employee but was a destitute person receiving aid from the county under 2 Comp. Laws 1929, § 8229:

"That every poor person, who shall not be relieved or maintained by his relatives as provided in this act, shall be relieved and maintained by the county, in which he has gained a legal settlement, except as hereinafter provided in the case of counties in which the distinction between township, city and county poor shall not be abolished, in which case he shall, in such counties, be relieved and maintained by the city or township in which he has a legal settlement."

The defendants contend that the decedent's work for the county road commission was merely an incident in the county's administration of poor relief

under the statute and that he was not an employee; that the plan used by the county road commission was a part of a general plan of the county for the employment of a greater number of indigent persons in an attempt to make them self-supporting and not dependent upon the public. Counsel for defendant cites the case of *Vaivida* v. *City of Grand Rapids*, 264 Mich. 204, and contends that this case is governed by the *Vaivida Case*. However, in the *Vaivida Case* the right to help and the amount of relief were determined by city investigators and payment was made by scrip similar to that which decedent received while working for the village of Mancelona. On the other hand, in this case the Antrim county road commission made no effort to determine the amount of relief required for any particular family. Moreover, the road commission not only directed the work of decedent, reserving the right to discharge him, but also paid him in cash and made no restrictions as to how decedent should spend his money.

In the *Vaivida Case* the city was under some obligations to support its poor, but the Antrim county road commission has no such obligations. The relationship between plaintiff's decedent and the Antrim county road commission was contractual and voluntary. The respondent was under no obligation to hire plaintiff's decedent and plaintiff's decedent was under no obligation to work for the road commission. It was a voluntary relationship on both sides. We believe that under the circumstances the plaintiff's decedent was an employee of the Antrim county road commission. *Porton* v. *Central (Unemployed) Body for London* (Ct. of App.), 78 L. J. K. B. 139 ([1909] 1 K. B. 173, 100 L. T. 102, 73 J. P. 43, 25 T. L. R. 102, 2 B. W. C. C. 296); *MacGillivray* v. *Northern Counties Institute for the*

*Blind* (Scot. Ct. of Sess.), (1911) S. C. 897 (4 B. W. C. C. 429); *Town of Germantown* v. *Industrial Commission,* 178 Wis. 642 (190 N. W. 448, 31 A. L. R. 1284); *County of Monterey* v. *Industrial Accident Commission,* 199 Cal. 221 (248 Pac. 912, 47 A. L. R. 359); *California Highway Commission* v. *Industrial Accident Commission,* 200 Cal. 44 (251 Pac. 808, 49 A. L. R. 1377).

Defendants' second contention is that plaintiff was not wholly dependent upon deceased for her support. The answer to this question is determined by 2 Comp. Laws 1929, § 8451, which provides as follows:

"The findings of fact made by said industrial accident board acting within its powers, shall, in the absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any final decision or determination of said industrial accident board."

In the case of *Lantz* v. *Schanz,* 260 Mich. 547, 549, it was stated by this court:

"The defendant calls our attention to other testimony which tends to show that deceased was an independent contractor. We do not weigh the evidence in these cases. The finding of the commission controls if there is evidence to support it. There was evidence in support of the finding that the relationship of the parties was that of employer and employee."

The question of dependency as a rule is a question of fact to be determined by the evidence. *Miller* v. *Riverside Storage & Cartage Co.,* 189 Mich. 360; *Kostamo* v. *H. G. Christman Co.,* 214 Mich. 652.

We quote the testimony of Susan McLaughlin, the plaintiff, as found in the record:

"*Q.* At the time that John died did you have any other source of income or support whatever?

"*A.* No, I didn't think that he was going to be killed so quick.

"*Q.* You had no other means of support?

"*A.* No."

The testimony of Robert Helms, welfare director for the village of Mancelona, a witness produced by the defendants, is as follows:

"*Q.* You didn't furnish the family $1.50 a week when John had other work, did you?

"*A.* No, when he had other work, he didn't get the help.

"*Q.* When he had those jobs he took care of himself and family?

"*A.* Yes, he did.

"*Q.* When he had those other jobs he got no help?

"*A.* No."

We are satisfied after reading the record that there was evidence to support the findings of the commission in holding that the plaintiff was totally dependent upon John McLaughlin for her support.

The award will be affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.