OLEKSIK v. CITY OF DETROIT.

MASTER AND SERVANT—WELFARE WORKER—COMPENSATION.

One who had been accepting welfare aid and pursuant to instructions from welfare department worked as wage-earner with department of public works and who received injury while collecting rubbish, *held*, not entitled to compensation.

Appeal from Department of Labor and Industry. Submitted June 6, 1934. (Docket No. 27, Calendar No. 37,707.) Decided October 1, 1934.

Ludwig Oleksik presented his claim against City of Detroit, a municipal corporation, for accidental injury sustained while in the alleged employment of defendant. Award to plaintiff. Defendant appeals. Reversed.

*Charfoos & Gilbert,* for plaintiff.

*John Atkinson,* Assistant Corporation Counsel (*Raymond J. Kelly,* Corporation Counsel, of counsel), for defendant.

BUSHNELL, J. This is an appeal from an order of the department of labor and industry granting plaintiff compensation at the rate of $12.80 per week. Appellant's brief does not contain a statement of the questions involved, as required by Court Rule No. 67 (1933). We quote the statement of facts from appellant's brief:

"Ludwig Oleksik and family had been accepting welfare from the city of Detroit for months prior to

September 19, 1931. September 19, 1931, in compliance with instructions issued to him by the welfare department, he presented himself for work and began to work as a wage-earner with the department of public works. He worked and was paid up to and including March 16, 1932. March 15th, during the course of his employment, he was thrown or fell out of a truck in which he was assisting in gathering rubbish from the alleys of Detroit.''

Appellant says the case is controlled by *Vaivida* v. *City of Grand Rapids,* 264 Mich. 204 (88 A. L. R. 707), and appellee says *McLaughlin* v. *Antrim County Road Commission,* 266 Mich. 73, is controlling, both of which cases are so recent that we refrain from quoting from either. We have examined the facts and agree with appellant that the *Vaivida Case* is controlling.

See, also, *Davenport* v. *City of Detroit, ante,* 374. The order is vacated, with costs to appellant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.