CODY *v.* CITY OF NEGAUNEE.

1. APPEAL AND ERROR—FINDING OF THE DEPARTMENT OF LABOR AND INDUSTRY—LOSS OF VISION.

   On appeal in the nature of certiorari from an award by the department of labor and industry the Supreme Court is bound by finding of fact as to cause of loss of vision in plaintiff's eye even though it might have come to an entirely different conclusion on the facts.

2. WORKMEN'S COMPENSATION—RELIEF WORKER—MUNICIPAL CORPORATIONS.

   Plaintiff who applied to city for relief in the wintertime and was given employment at a municipal gravel pile at work which would otherwise have been done under much more favorable circumstances *held*, not entitled to compensation.

3. SAME—"MADE" WORK IN LIEU OF WELFARE PAYMENTS.

   Plaintiff who applied to city for relief and was set at "made" work, carried on to relieve unemployed and conducted at a very large expense in wintertime in lieu of welfare payments is not entitled to compensation for accidental injuries arising out of and in the course of such employment.

Appeal from Department of Labor and Industry. Submitted January 9, 1935. (Docket No. 32, Calendar No. 38,071.) Decided March 5, 1935.

Frank Cody presented his claim against City of Negaunee, a municipal corporation, employer, and New Amsterdam Casualty Company, insurer, for compensation for alleged accidental injury received while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Derham & Derham,* for defendants.

Butzel, J.  The city of Negaunee and its insurer, New Amsterdam Casualty Company, bring an appeal in the nature of certiorari from an award granted to Frank Cody by the department of labor and industry.  Plaintiff claims that on March 25, 1932, when a fellow workman struck with an iron maul a pick which plaintiff was holding on frozen ground, a piece of metal lodged in his eye, and a cataract subsequently developed as a result of the injury.  While we are much impressed with defendants' claim that the loss of vision in plaintiff's eye was not due to the alleged injury, we are bound by the finding of the commission as to the facts, even though we might have come to an entirely different conclusion.

The award must, however, be set aside, for reasons overlooked by the board.  Negaunee, like many other cities confronted with the unemployment problem, gave applicants for relief an opportunity to work a limited number of days each month on a gravel pile.  Plaintiff admits that he applied to the city authorities for help and that they put him to work instead.  The city showed that the work was being carried on in the winter time for relief operations; that the cost of doing the work at a time of the year when the ground was frozen was double what it would have been under ordinary, favorable circumstances; that married men were given employment 12 days a month, and single men only six days; that only indigent men were employed in the work.

The case is very similar to, and is ruled by, *Vaivida* v. *City of Grand Rapids,* 264 Mich. 204 (88 A. L. R. 707); *Davenport* v. *City of Detroit,* 268 Mich. 374.  The facts differ from *McLaughlin* v. *Antrim County Road Commission,* 266 Mich. 73, for in the

instant case plaintiff was given "made" work, carried on for the very purpose of relieving the unemployed, and conducted at a very large expense in lieu of welfare payments. There was no contract relationship between plaintiff and defendant in this case. The reason for the rule is amply illustrated in the present case, where a man over 50 years of age, who had previously collected compensation insurance for another injury, is given work breaking up a gravel pile in lieu of relief, at a time of year when, on account of the frozen condition of the ground, twice the effort was required to do the job than would be necessary later on when the ground had thawed. It is only natural to assume that had the work been anything other than a relief operation, the city would have delayed it until a more opportune time, and that if the city were entering a contract, it would have made its standard of selection the ability to do the work properly, rather than the applicant's need of relief, irrespective of his physical condition.

The award is herewith vacated.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.