WAGNER *v.* ONTONAGON COUNTY EMERGENCY WELFARE RELIEF COMMISSION.

WORKMEN'S COMPENSATION—WORK RELIEF.

    Dependents of one who was on county welfare relief roll and, pursuant to notice from county emergency welfare relief commission, worked under supervision of county road commission laying extension of water main from village to a nearby C. C. C. camp pursuant to understanding with village that relief commission would pay for labor furnished, and who received injuries resulting fatally while so working *held,* not entitled to compensation, since decedent was not an employee of village or of either commission within meaning of workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.;* Act No. 201, Pub. Acts 1933).

Appeal from Department of Labor and Industry. Submitted April 2, 1935. (Docket No. 27, Calendar No. 38,263.) Decided May 17, 1935.

Rose Wagner, widow, and the minor children of Peter Wagner, deceased, presented their claim

against the Ontonagon County Emergency Relief Commission, Ontonagon County Road Commission, Village of Ontonagon and others for accidental injuries causing death of Peter Wagner while in the alleged employment of above named defendants. Award to plaintiffs. Defendants appeal. Reversed.

*Lawrence P. Walsh,* for plaintiff.

*Edward W. Massie (Roy Andrus,* of counsel), for defendant Village of Ontonagon and State Accident Fund.

*Derham & Derham,* for defendant Ontonogan County Road Commission and Standard Accident Insurance Co.

BUSHNELL, J.    The decisive question is: Was plaintiff's decedent, Peter Wagner, an employee within the meaning of the workmen's compensation act? The controlling decisions are *Oleksik* v. *City of Detroit,* 268 Mich. 697, and *Cody* v. *City of Negaunee,* 270 Mich. 336, both of which were controlled by *Vaivida* v. *City of Grand Rapids,* 264 Mich. 204 (88 A. L. R. 707).

In affirming the award of the deputy commissioner allowing compensation in this case, the board on November 20, 1934, did not refer to the *Oleksik Case,* decided October 1st, so we assume it was not considered. The principle involved is identical, even though there is some little variance in the facts.

The decedent, then on the Ontonagon county relief roll, was notified by the county emergency welfare relief commission to report to the county road commission for work. He worked on the laying of a water main from the village water system to a nearby C. C. C. camp. The extension of the water main was authorized by the village with the understand-

ing that labor was to be furnished by the relief commission, and decedent was paid by the commission as he was receiving work relief under the terms of Act No. 201, Pub. Acts 1933.

There was no relation of employee and employer between plaintiff's decedent and any of the defendants.

The other questions raised by appellants need not be considered.

The award is vacated.

Potter, C. J., and Nelson Sharpe, North, Fead, Wiest, Butzel, and Edward M. Sharpe, JJ., concurred.