LAWRENCE *v*. CITY OF DETROIT.

WORKMEN'S COMPENSATION—WELFARE RECIPIENT.

> Plaintiff, who had been a welfare recipient and was paid by county relief administration and assigned by it as a wage relief worker to city *held*, not an employee of city entitled to compensation for loss and injury received, where his name was not on city payroll and it had no authority over him except to determine where and what work he should perform and could not discharge him.

Appeal from Department of Labor and Industry. Submitted June 11, 1936. (Docket No. 64, Calendar No. 38,693.) Decided September 2, 1936.

John Lawrence presented his claim against City of Detroit, Department of Street Railways, for compensation for loss of an eye while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Floyd T. Schermerhorn,* for plaintiff.

*Harry F. Pisula* (*Rodney Baxter,* of counsel), for defendant.

SHARPE, J. For some time prior to 1934, John Lawrence, plaintiff, from time to time had been a welfare recipient and during the years 1931 and 1932 had been assigned to work by the welfare commission. On August 15 or 16, 1934, he was assigned by the Wayne county emergency relief administration as a wage relief worker to the city of Detroit, department of street railways, and worked as such relief worker until September 22, 1934, when he was injured by a flying piece of stone or metal and as a result has lost the vision in the injured left eye. Plaintiff's wages and hours of employment were determined by the welfare relief commission and his pay was received in the form of checks drawn

by the Wayne county relief administration. It also appears that plaintiff's name is not on the city pay roll, nor did the city have any authority over him except to determine where he should perform his labor and the nature of the work.

Plaintiff filed an application for compensation for loss of eye. An award was entered in his favor by the deputy commissioner and affirmed by the department. Defendant appeals and contends that the relationship of employer and employee did not exist between plaintiff and defendant, city of Detroit, department of street railways.

Plaintiff contends that the case at bar is controlled by *McLaughlin* v. *Antrim County Road Commission,* 266 Mich. 73; we do not think so. In the *McLaughlin Case* the deceased was paid directly by the road commission and the wage was fixed by the road commission, while in the instant case plaintiff was not paid by defendant and was furnished work in accordance with his needs after an investigation by the welfare department. The *McLaughlin Case* may be distinguished also from the instant case in that the road commission directed deceased's work and had a right to discharge him, while in the case before us defendant merely pointed out the work to be done, had nothing to do with the supervision of the performance of it, and was without power to discharge plaintiff.

In *Oleksik* v. *City of Detroit,* 268 Mich. 697, we held that one who had been accepting welfare aid and pursuant to instructions from the welfare department worked as a wage-earner with the department of public works and who received an injury while collecting rubbish was not entitled to compensation.

See, also, *Cosgrove* v. *Gogebic County Poor Com'n,* 270 Mich. 29; *Cody* v. *City of Negaunee,* 270 Mich.

336; *Wagner* v. *Ontonagon County Emergency Welfare Relief Com'n,* 272 Mich. 64.

In the case at bar the record fails to disclose the relationship necessary to entitle plaintiff to compensation for the loss and injury received.

The award is vacated, with costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and TOY, JJ., concurred. POTTER, J., did not sit.