DEILE v. CITY OF CRYSTAL FALLS.

1. WORKMEN'S COMPENSATION—ESTABLISHMENT OF RELATION OF EMPLOYER AND EMPLOYEE.

Under resolution of board of supervisors of county providing that the board of county road commissioners place single young men to work on county or city projects and that the township· supervisors and city managers with the county emergency relief administration should help certify men eligible, plaintiff's application for registration thereunder, placement at work at widening a city street under a city foreman and payment by county road commission which designated project, hours of labor and rate of pay, relation of employer and employee *held*, established between plaintiff and board of county road commissioners.

2. COSTS—PUBLIC QUESTION—MUNICIPAL CORPORATIONS—WORKMEN'S COMPENSATION.

No costs are allowed on appeal from order determining which municipal corporation and its insurer is liable for a claim under the workmen's compensation act, public affairs being involved.

Appeal from Department of Labor and Industry. Submitted June 8, 1938. (Docket No. 43, Calendar No. 39,973.) Decided October 5, 1938.

Albert Deile presented his claim against City of Crystal Falls and its insurer, State Accident Fund, Board of County Road Commissioners of Iron County and its insurer, Employers Mutual Liability Company, for compensation for injuries sustained while in defendant's employ. From award to plaintiff against defendant City of Crystal Falls and its insurer, such defendants appeal. Award set aside and ordered entered against defendant Board of County Road Commissioners and its insurer.

*Ray Derham,* for plaintiff.

*Harry F. Briggs (Roy Andrus,* of counsel), for defendants City of Crystal Falls and State Accident Fund.

*John B. Bennett,* for defendants Board of County Road Commissioners of Iron County and Employers Mutual Liability Insurance Company.

WIEST, C. J.   This is an appeal by defendant city and its insurance carrier under the workmen's compensation law from an award of compensation to plaintiff as an employee of the city at the time he received an injury.

In September, 1936, the board of supervisors for the county of Iron resolved "that the board of county road commissioners place single young men to work; these men to work on county and city projects and the township supervisors and city managers with the help of the 'E. R. A. (Iron County Emergency Relief Administration), to help certify men eligible,' " and appropriated $40,000 for such purpose.

Plaintiff was a single man, never had been a recipient of welfare aid, applied for registration under the resolution, was registered and placed at work in widening a city street and paid for such work by the county road commission. While so working plaintiff received an injury and applied for compensation against either the county road commission or the city. The deputy commissioner awarded compensation against the county road commission but, upon appeal, the award was against the city.

Plaintiff was engaged in planned work for single men, regardless of whether they were welfare recipients or not, and operation was placed under the supervision of the county road commission. Plaintiff filled out an application for employment under the resolution and registered with the county road commission, as provided therein. Later he received a letter from the city manager, saying:

"You will be notified within the next day or two by Iron county road commission to report for work for the city on October 1st (eight days). Please notify the city clerk immediately whether or not you will accept."

Plaintiff met the city manager and was told to go to work on October 1st; he appeared on that day and was set at work by the city foreman. For the time he worked for the city he was paid by the county road commission. Plaintiff's registration card was sent to the county road commission. The city manager requested the county road commission to assign men for work in the city under hours of labor and rate of pay fixed by the commissioners and, upon report turned in by the city manager, to be paid out of the appropriated fund. Employment of plaintiff was by action of the county, inclusive of method of registration and delegation of place and time of

work, hours of labor and pay.  The city only acted in compliance with such county control and the contract of employment was with the board of county road commissioners.  Employment by the board of county road commissioners alone was authorized. Plaintiff applied for such authorized employment and was employed under the terms of the resolution and the relation of employer and employee was so established.

The whole scheme was somewhat extraordinary and crude but, inasmuch as the validity thereof is not presented, we omit further comment thereon.

The award of the deputy commissioner against the board of county road commissioners should have been affirmed by the department upon appeal.

Counsel for the city cite *Vaivida* v. *City of Grand Rapids,* 264 Mich. 204 (88 A. L. R. 707); *Davenport* v. *City of Detroit,* 268 Mich. 374; *Oleksik* v. *City of Detroit,* 268 Mich. 697; *Cody* v. *City of Negaunee,* 270 Mich. 336; *Lawrence* v. *City of Detroit,* 277 Mich. 73.

In the case at bar there was a contract of hire, hours of employment and pay fixed by the board of county road commissioners, and the instant case does not come within the principle applied in the cases mentioned.

The award against the city is vacated and the case remanded to the department to enter an award against the board of county road commissioners and insurance carrier.

Public affairs being involved there will be no costs of this court.

BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.  BUTZEL, J., took no part in this decision.