FERNANDEZ and another vs. WINNEBAGO COUNTY.

*October 18 — November 3, 1881.*

COUNTIES: *how far liable for expense of publishing election notice.*

The secretary of state is required to notify the sheriff of ·each county, only of the officers to be voted for *in that county,* at a general election; and the sheriff is required to publish, and may bind the county for the expense of publishing, in a newspaper, a notice *of that character,* and no other.

APPEAL from the Circuit Court for *Winnebago* County. The case is thus stated by Mr. Justice ORTON:

" The secretary of state delivered to the sheriff of Winnebago county a notice that the following officers were to be elected at the next general election, viz.: presidential electors, representatives in congress in each district, a state senator in each odd-numbered district, and a member of assembly in each assembly district in the state. The said sheriff made out a notice of the election of presidential electors, a member of congress in the district of which said county forms a part, a state senator in the district consisting of said county, members of assembly in the districts within said county, and of the various county officers of said county, comprising all of the officers to be voted for in said county at such general election.

" Both of these notices were published in the Oshkosh *Times,* a newspaper published in said county by the plaintiffs, by the direction of said sheriff. The plaintiffs made out and presented to the county board of said county their bill of charges for the publication of both of said notices at the sum of $86.10, which was according to legal rates for such services; and the county board disallowed the sum of $57.40, which was the proportionate charge for the publication of the first of said notices, and allowed on said bill the sum of $28.70 for the publication of the second of said notices. From the order

of the county board disallowing the first-mentioned sum of $57.40, the plaintiffs appealed to the circuit court; and that court, on these facts, allowed said claim, and rendered judgment therefor, from which judgment this appeal was taken."

*Geo. W. Burnell,* for the appellant, contended, among other things, that it was doubtful whether the county was primarily liable for publishing either of the notices, and whether there was any privity of contract between it and the plaintiffs. The statute merely requires the sheriff to make the publication in "*a* newspaper." If he had ordered the publication simultaneously in several newspapers, clearly only one of them could recover from the county. Which of them would it be? The sheriff would be liable to them all. Is he not the only party liable to any of them? When he presented his bill to the county, he could charge it for only one publication, and could select which one he pleased.

The cause was submitted for the respondents on the brief of *Weisbrod & Harshaw:*

1. The statute requires the sheriff to publish a notice containing the substance of that received by him from the secretary of state. If the latter officer includes in his notice more than the law requires, the sheriff is not a judicial officer to determine what portion should be eliminated. 2. The objection that the sheriff and not these plaintiffs should make the charge against the county, comes too late. The county has already admitted its liability to the plaintiffs, by auditing and paying a portion of the bill.

ORTON, J. The first question to be disposed of is, whether the sheriff was authorized to procure the publication of the first of said notices at the expense of the county. By section 17, R. S., the secretary of state is authorized and required "to deliver a notice to the sheriff of each county in which such election is to be held, specifying the said officers [state officers] to be voted for in such county, and, in the case of senator, the num-

ber of the district." By section 18: "The sheriff thereupon shall forthwith cause a notice containing the substance of the notice so received by him to be delivered to each town clerk, etc., and shall also publish a copy thereof in a newspaper," etc.

It may be very easily seen by these provisions that the secretary of state is neither authorized nor required to deliver to the sheriff of any county a notice of election of any officers except those *to be voted for in such county*. Without this very reasonable limitation, it is very evident that the county of Winnebago is not directly or immediately interested in the election of any officer not to be voted for in such county. It is sufficient, however, that the statute does not authorize a notice of the election of any officers other than those to be voted for in such county to be sent by the secretary of state to the sheriff, and does not authorize the sheriff to publish in a newspaper the substance of any other notice. The second of the above notices was sufficient in either case, and the only one authorized to be published, and the only one for the publication of which any lawful claim against the county can be made. The liability of the county for such claim must rest upon strict legal right, and may not be enlarged by usage or other implication, or by argument of convenience. The claim allowed by the county board in respect to the publication of these notices was the only one for which the county was liable, and that for the publication of the first of said notices was properly disallowed.

The position assumed by the learned counsel of the appellant in his brief, that the county is not liable for this class of expenses when legally incurred by the sheriff, is untenable, especially in this case, where the county is estopped by their allowance. The sheriff is required by law to incur this expense, and he is provided with no fund out of which it can be paid, and the publication is in the interest and for the benefit of the county and the people thereof, and the expenses of such publication are in their very nature a public claim against the

county, even though no special statute is found making them such. To this effect is the following case, closely in point: *Eyster v. Rineman*, 11 Pa. St., 147.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to affirm the order of the county board from which the appeal was taken.