MARINER, Respondent, vs. WIENS, Appellant.

*January 9—January 26, 1909.*

*Signatures: Hand of another: Evidence: Sufficiency: Findings: Witnesses: Competency: Transactions with agent since deceased: Limitation of actions: "Sealed" instruments: Specialties.*

1. A finding that a written agreement in issue was in fact executed and delivered by the parties as a sealed instrument is sufficiently supported as to plaintiff by testimony that it was executed by plaintiff's son in plaintiff's presence and at his immediate parol direction, although no authority under seal from plaintiff to his son is shown.

2. Plaintiff's evidence as to the acts and declarations of his agent, had in the presence and hearing of the defendant, is admissible, although the agent had since died.

3. Contracts under seal, executed by private persons, are governed by sec. 4220, Stats. (1898), permitting actions to be brought on such instruments within twenty years after the cause of action has accrued.

4. As a general rule sealed instruments, including contracts of parties, regardless of their nature, provisions, or purposes, are specialties within the limitation statutes.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an action for the recovery of a balance of $701.65, with accrued interest, alleged to be due upon an express contract. Prior to March 17, 1898, defendant was engaged in business under the firm name of A. R. Wiens & Co. On that day there was due for rent to the plaintiff from the defendant the sum of $751.65. By a contract executed on that day defendant agreed, beginning May 1st of that year, to make monthly payments of at least $50 on the amount due, in addition to the monthly rent to become due by reason of the lease of certain premises owned by the plaintiff and occupied by the defendant. Interest was to be at the rate of six per cent. per annum from the 1st day of April, 1897. The in-

strument was signed and sealed by the defendant and by the plaintiff's son in his behalf. This son of the plaintiff died about two years before the trial of this action. . No power of attorney under seal from plaintiff to his son was shown on the trial. In his answer the defendant alleges that the alleged agreement set forth in the complaint is not properly executed as an instrument under seal and that the cause of action accrued more than six years before the commencement of the action.

The action was tried by the court, a jury having been waived. Plaintiff testified that his son had general powers of attorney to execute the instrument in his behalf, that his son had executed this instrument in his presence and at his immediate direction, and that he had conferences with the defendant regarding the instrument in the presence of his son. Defendant testified that these statements of the plaintiff were incorrect to the best of his belief. On May 8, 1898, the sum of $50 was paid on the contract. The court found that the defendant executed the instrument under seal, and that the instrument was signed and sealed for the plaintiff by his son in his presence and under his immediate direction. The court found that the written agreement was properly executed as an instrument under seal, that the cause of action on it was not barred by the six-year limitation statute, and that the defendant was indebted to the plaintiff in the sum of $701.65, with interest on $751.65 from April 1, 1897, to May 8, 1898, and with interest on $701.65 from May 1, 1898. Judgment was awarded for such sum and interest and the costs of the action. This is an appeal from the judgment.

The cause was submitted for the appellant on the brief of *Kading & Kading.*

*Frank M. Hoyt,* for the respondent.

SIEBECKER, J. The finding of the trial court to the effect that the agreement of March 17, 1898, was in fact executed

and delivered by the parties as a sealed instrument is challenged as not supported by the evidence. The evidence on the subject is confined to the parties to the action and conflicts as to the facts pertaining to the execution of the instrument. The lower court having found as above stated, its conclusion must stand unless we can say that the finding is against the clear preponderance of the evidence. · Counsel for appellant frankly concede the rule to be that if the instrument was executed by plaintiff's son in plaintiff's presence and at his immediate parol direction, then the execution is the act of the plaintiff and the instrument has validity as a properly executed sealed instrument.

We cannot say that the evidence of plaintiff is so incredible that the trial court was not warranted in relying on it as showing that the instrument was in fact signed by plaintiff's son in his presence and at his immediate direction. It is contended that, when first testifying on this point, plaintiff negatived this fact. An examination of his testimony shows that he asserted this fact and qualified it by stating that it was not clearly in his memory; but this he afterward fully remedied by his statement that he recalled defendant's presence at his desk, that they discussed the matter, that he made a change in the rate of interest from seven to six per cent., which had been inserted theretofore, and that he directed that the instrument be signed, as above stated. It is also noteworthy that defendant's testimony on the subject is that he believes plaintiff's son William appended the signature below his, and that to the best of his belief William was the only other person present. It is obvious that the defendant does not claim to have positive recollections of this part of the transaction. Upon this state of the proof the court's finding on this issue must stand as the fact of the case. The plaintiff's evidence was properly admissible in view of his testimony that defendant was in his room and presence when the agreement was finally concluded and the instrument was signed.

It is further contended that action on this agreement is barred by the six-year statute of limitation. If the writing were a simple contract this contention would apply. Since, however, it is a sealed contract executed by private persons, we discover no grounds for excepting it from the operation of sec. 4220, Stats. (1898), which permits action to be brought on such instruments within twenty years after the cause of action has accrued. The general rule is that sealed instruments are specialties within the limitation statute, and that they include contracts of parties, regardless of their nature, provisions, and purposes. Wood, Lim. § 29; *Dwinelle v. Edey,* 102 N. Y. 423, 7 N. E. 422; *Jacobs v. Spalding,* 71 Wis. 177, 36 N. W. 608.

We hold that this is an action on a promise contained in a sealed instrument, and that the court properly awarded judgment for the amount due thereon.

*By the Court.*—Judgment affirmed.