STATE Ex Rel. STATE BOARD OF CHARITIES
AND PUBLIC WELFARE *v.* NEVADA INDUS-
TRIAL COMMISSION.

No. 3070

July 6, 1934.                    34 P. (2d) 408.

*Gray Mashburn,* Attorney-General; *W. T. Mathews,*
Deputy Attorney-General; and *Julian Thruston,* Deputy
Attorney-General, for Relator:

*George L. Sanford,* for Respondent:

# OPINION

By the Court, SANDERS, C. J.:

This is an original proceeding in mandamus, instituted under the Nevada industrial insurance act of 1913, as amended, N. C. L. sec. 2680, et seq. The purpose of the proceeding was to obtain from this court a speedy and final determination of the question of whether or not any sufficient legal duty rests upon the state and the ·political subdivisions thereof wherein federal emergency relief projects are carried on under the federal emergency relief act of 1933, 48 Stat. 55 (15 USCA sec. 721 et seq.), to provide for the payment of premiums to the state insurance fund for the payment of any and all personal injuries by accident sustained by persons while at work upon the federal relief projects determined upon by the state emergency relief administrations with the approval of ·the federal emergency relief administrator. Upon consideration of the respondent's demurrer to the petition for the writ, the demurrer was sustained and the proceeding ordered dismissed without the filing of an opinion.

Now, in conformity to the civil practice act, we shall state briefly the reasons which impelled the court to sustain the demurrer and order the dismissal of the proceeding.

In the first place, it was considered that the federal emergency relief projects carried on under the federal

emergency relief act of 1933 are entirely foreign to the purposes of the Nevada industrial insurance act. The act, as stated in its title, relates solely to the compensation of injured workmen in the industries of the state. The court is of the opinion that the federal emergency relief projects are in no sense state industries, but are created under the act of Congress for the relief of the unemployed. In the second place, the state, counties, school districts, and the municipal corporations thereof, where federal emergency relief work is carried on, are not employers within the meaning of the term "employers" as used and defined in the Nevada industrial insurance act, and the persons placed at work upon such projects are not employees within the meaning of the term "employees" as defined and used in the Nevada industrial insurance act. McBurney v. Industrial Accident Comm. of Calif. et al. (Cal. Sup.), 30 P. (2d) 414; Jackson v. North Carolina Emergency Relief Administration, 206 N. C. 274, 173 S. E. 580.

Not being employers or employees within the meaning of said act, no legal duty is imposed upon the Nevada industrial insurance commission to compel the state or its political subdivisions wherein federal emergency relief projects are carried on to provide for the payment of premiums to the state insurance fund for the payment of compensation for injuries sustained by workmen while in the course of the performance of work upon the federal emergency relief projects. In short, the court is of the opinion that such workmen are not employed by the state, the counties, the school districts, or the municipal corporations of the state, but are provided with work because of the need of means of support for themselves and their families. The money paid them is not paid as a contractual remuneration for their work, but is paid for the relief of themselves and their families. Consequently, whatever else should be done for the relief of unemployment, it is manifest that the terms, conditions, and provisions of the Nevada industrial insurance act cannot be converted

into something in the nature of an unemployment insurance benefit for the relief of the unemployed of this state.

For the reasons stated, the demurrer to the petition for the writ of mandate was sustained and the proceeding was ordered dismissed.