[Civ. No. 9849. Second Appellate District, Division Two.—September 19, 1934.]

COUNTY OF LOS ANGELES, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, HERMANNE HAUSER et al., Respondents.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Petitioner.

Everett A. Corten, Emmet J. Seawell, Robert A. Levi and A. E. Coppleman for Respondents.

SCOTT, J., *pro tem.*—Respondent Hermanne Hauser was awarded compensation for the death of her husband, Jacob E. Hauser. Deceased had registered as an unemployed person with the Los Angeles County Stabilization Bureau, filling out certain blanks on a form card, including "will do *anything*" and "extent of need *very*", words italicized being filled in by the person registering the applicant, upon information furnished by the latter. Work for seven days at forty cents per hour was provided, the "work order" being headed "Employment stabilization bureau, Los Angeles County relief projects". Deceased had worked four days and was on his way to work on the fifth day when his automobile rolled back and over the bank of a private road which he was traversing, and his death ensued.

Deceased was not an employee under the Workmen's Compensation Act so as to justify the award. The work was a form of charity administered by an enlightened county government in a way designed to preserve self-respect in the recipient. It was paid for at least in part by federal funds made available for this purpose.

It is urged that deceased and his wife owned real estate, including their home, had an automobile and money in the bank, and for that reason would not be applicants for charity. Nevertheless, deceased applied for the work order, indicated that he was very much in need of it, accepted work side by side with the indigent and was paid out of the same fund. *McBurney* v. *Industrial Acc. Com.*, 220 Cal. 124 [30 Pac. (2d) 414], clearly establishes that these more needy citizens, by virtue of their extremity which forced them to accept this relief work, would not be employed so as to make them subject to the provisions of the Workmen's Compensation Act. The position of deceased is comparable with that of petitioner in the above case, except that here the applicant received relief work which might have been denied if his true financial status had been disclosed.

The other questions raised need not be discussed, because of our views on the above matter.

Award annulled.

Craig, Acting P. J., and Desmond, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 16, 1934, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 15, 1934.