MARATHON COUNTY, Appellant, vs. INDUSTRIAL COMMIS-
SION and others, Respondents.

*April 5—April 30, 1935.*

*O. L. Ringle* of Wausau, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Brayton E. Smith* of Wausau, for the respondent Gleason.

A brief was also filed by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* and *Jefferson D. Burrus* of counsel, all of Milwaukee, as *amicus curiæ.*

FOWLER, J.  The appellant contends: (1) That the work which the deceased was doing when injured was only "made work," and that for this reason the county is not liable under

the rule of *West Milwaukee v. Industrial Comm.* 216 Wis. 29, 255 N. W. 728; and (2) that, as the county board never authorized the acts of its highway commissioner or highway committee pursuant to which the deceased was put to work, those acts were void and imposed no liability upon the county.

(1) While it may be that the work the deceased was doing was "made work" similar to that involved in the *West Milwaukee Case, supra,* the deceased was working for a "wage" and under an express "contract of hire." Neither of these facts existed in that case. It is immaterial that the "wage" for which the deceased was working had been prepaid, and that the prepayment had been made by another than the county. It is also immaterial that the contract was made by another than the county. It was made for the benefit and accrued to the benefit of the county. If the county highway commissioner had power to set the deceased to work, the relation of employer and employee existed. Sec. 102.04 (1), Stats., expressly makes a county an "employer." Sec. 102.07 (4) makes "every person in the service of another under any contract of hire, express or implied" an employee. All the other conditions essential to bring the parties under the act existed. The deceased was injured while performing service growing out of and incidental to his employment; the parties were (if the county highway commissioner had power as above stated) subject to the act; the injuries were not self-inflicted; and the accident which caused the injury arose out of the deceased's employment. Sec. 102.03, Stats.

Under this head it may be further stated that it does not appear that the work the deceased was doing was "made work." For aught that appears it may have been work of maintenance or repair which the county highway commissioner was required to have done, and had power to direct regardless of the fact that he assumed to act under the drought-relief program. It is true that the stipulation recites

that the deceased was injured while working "on a contract on a highway project on [a] county trunk highway," and this might be taken under the statement of facts as relating to a "project" approved by the state emergency relief administrator which the county was sponsoring under the drought-relief program. But if in fact it was work which the county highway commissioner had power to direct independently of that program, the claimants should be permitted to show that fact, notwithstanding the improvident stipulation.

(2) Sec. 59.01, Stats., provides that a county is a body corporate, and sec. 59.02 provides that the powers of the county as such body can only be exercised by the county board or in pursuance of a resolution or ordinance adopted by such board, except as provided by sec. 10.43, Stats., relating to direct legislation, which is not here involved.

From these statutes it appears *a priori* that a county board is the only body with power to adopt the drought-relief program or to authorize proceedings under that program. It does not appear from the stipulated facts that the county board ever passed any ordinance or resolution relating to drought relief, or took any action whatever in relation to such matter. If authority to bind the county in connection with such matter exists, it must be found in the statute prescribing the powers and duties of the county highway committee or the county highway commissioner. These powers and duties of the committee as to making contracts are prescribed by sec. 82.06 (3), Stats., as "to enter into such contracts in the name of the county, and to make such arrangements as may be necessary for the proper prosecution of such construction and maintenance of highways and bridges as is provided for by the county board." The county highway commissioner under sec. 82.04 (1) and (2), Stats., has charge, under the direction of the county highway committee, of the construction and maintenance of all highways maintained by the county, and shall perform all duties required of

him by the county board and by the county highway committee. Sec. 83.06 (1) provides that state highways, except those within cities and villages, shall be maintained at the expense of the county within which they lie, and the county board shall make adequate provision therefor. A county trunk highway is a state highway within this section. Sec. 83.09 (1) provides for the prompt making by the county commissioner of repairs necessary to render a highway safe for travel in case of floods or other casualty rendering it dangerous. These are all the statutory provisions covering contracts for work upon highways, or work upon or maintenance of the highway on which the deceased was working when injured.

Unless the acts of the county highway commissioner upon which the claim of liability is based were authorized by action of the county board under the statutory provision first above stated, his acts imposed no liability upon the county. It is a rule of general application that a county officer, acting without authority of law, cannot bind the county by his unauthorized acts. *Fernandez v. Winnebago County,* 53 Wis. 247, 10 N. W. 447; *Endion Improvement Co. v. Evening Telegram Co.* 104 Wis. 432, 438, 80 N. W. 732. The same rule applies as of course to a county committee, and applies to the acts of the county committee on roads and bridges and to the county highway commissioner. That the latter has no authority to bind the county beyond the powers expressly conferred on him by the statutes to bind it, is held in *Joyce v. Sauk County,* 206 Wis. 202, 210, 239 N. W. 439. We look in vain among the statutory provisions stated for any authority of the highway commissioner or the county highway committee to impose upon the county liability under the Workmen's Compensation Act to persons injured while working upon drought-relief projects, or to put persons to work upon such a project in absence of authorization thereto by the county board. We must therefore hold that upon the facts

appearing of record herein, the award of the commission and the judgment of the circuit court are erroneous, unless, as held by the circuit court and as respondents contend, the county is estopped to assert that it did not assume responsibility for compensation under the Workmen's Compensation Act.

The circuit court stated in its decision that "the plaintiff is estopped after expressly assuming the insurance liability in this contract with the federal government to now deny that liability." If as stated the county had "expressly assumed the insurance liability," the county would be bound, not on the ground of estoppel, but by its "expressed assumption." The vice in the statement is that it assumes that the county assumed what its highway commissioner and highway committee assumed without authority of law to assume for it. This statement sufficiently covers the holding of the circuit court in this respect. Conceding, as stated in an opinion by Mr. Justice OWEN in *State ex rel. Knapp v. Pohle,* 185 Wis. 610, 614, 202 N. W. 148, that:

". . . It is now settled that municipal corporations may be estopped upon the same principles and under the same circumstances as individual persons as to matters within the scope of their powers. *Eau Claire Dells Imp. Co. v. Eau Claire,* 172 Wis. 240, 179 N. W. 2, and cases there cited. This applies to their governmental as well as their proprietary functions, though perhaps clearer proof is required in the former case. *Ibid.*"

The record herein is barren of any facts upon which an estoppel may be based. If the county is estopped, it is estopped by action of its county board. No officer or officers of the county other than the county board could create an estoppel to deny a contract to assume responsibility any more than they could create the contract itself. If there are any facts indicating an estoppel by action of the county board, none is shown by the record. It is suggested in the brief *amicus curiæ* filed herein that the county may ratify unau-

thorized acts of its officers where the county has power itself to do those acts. Conceding this also, only the county board can do the ratifying, and the record is barren of acts by the county board.

From the above it is apparent that the judgment of the circuit court must be reversed, and the award of the Industrial Commission vacated. However, as facts not shown by the stipulation may exist which may form a basis for awarding compensation, we consider that the record should be returned to the commission for the taking of further evidence to ·the end that compensation may be awarded if any facts are disclosed that warrant it.

*By the Court.*—The judgment of the circuit court is reversed, with directions to vacate the award of the Industrial Commission and remand the record to the Industrial Commission for further proceedings in accordance with this opinion.