[File No. 6367.]

JESSIE M. CLARK, Respondent, v. NORTH DAKOTA WORK-MEN'S COMPENSATION BUREAU, Appellant.

(262 N. W. 249.)

Opinion filed August 15, 1935.

P. O. Sathre, Attorney General, and Milton K. Higgins, Assistant Attorney General, for appellant.

18

*Jacobsen & Murray* and *M. S. Byrne,* for respondent.

MORRIS, J.   The plaintiff as the widow of Charles E. Clark, deceased, filed a claim with the Workmen's Compensation Bureau which was disallowed.   Upon appeal to the District Court of Slope County a judgment was rendered against the Bureau from which this appeal is taken.   The case was submitted upon a stipulation of facts which discloses that Charles E. Clark was fatally injured on June 5, 1933, by being run over by a truck while working on the repair of county highways in Slope county, North Dakota.   The truck which caused the injury was being driven by an employee of the county.   The work was being done under the supervision of a member of the Board of County Commissioners acting pursuant to an authorization of the board passed at a regular meeting.   At the time of the injury, Slope county had applied for and received workmen's compensation insurance covering its employees engaged in highway work.   Previous to the injury, Clark had applied to the county for poor relief as an indigent resident and had received three relief orders for necessities totaling $20.00, for which he had given notes to the county in the sum of $12.00, $5.00 and $3.00 respectively.   The last order was dated April 24, 1933.   He was engaged in paying the notes to Slope county by his labor at the rate of fifty cents per hour, when the injury occurred.

The majority of cases hold that where an indigent worker is performing labor for a municipal corporation which is a part of a general plan of public beneficence, the relationship of employer and employee does not arise and that such relationship as does exist is not wholly voluntary since it is the result of the duty of the municipality to support the poor and the necessity of the worker to labor to support himself and his dependents.   Vaivida v. Grand Rapids, 264 Mich. 204, 249 N. W. 826, 88 A.L.R. 707; Davenport v. Detroit, 268 Mich. 374, 256 N. W. 354; Reavey v. Guild of St. Agnes, 284 Mass. 300, 187 N. E. 557; State ex rel. State Bd. of Charities & Public Welfare v. Nevada Industrial Commission, 55 Nev. 343, 34 P. (2d) 408; Jackson v. North Carolina Emergency Relief Administration, 206 N. C. 274, 173 S. E. 580; Bell v. Raleigh, 206 N. C. 275, 173 S. E. 581; Re Moore, 97 Ind. App. 492, 187 N. E. 219; McBurney v. Industrial Acci. Commission, 220 Cal. 124, 30 P. (2d) 414; Los Angeles County v. Industrial Acci. Commission, 140 Cal. App. 727, 35 P. (2d) 1035; Rico v. In-

dustrial Acci. Commission, 137 Cal. App. 772, 30 P. (2d) 584. Other cases take the opposite view. Garney v. Department of Labor & Industries, 180 Wash. 645, 41 P. (2d) 400; Industrial Commission v. McWhorter, 129 Ohio St. 40, 193 N. E. 620, 96 A.L.R. 1150; Waycross v. Hayes, 48 Ga. App. 317, 172 S. E. 756; Forest Reserve Dist. v. Industrial Commission, 357 Ill. 389, 192 N. E. 342; Marathon County v. Industrial Commission, 218 Wis. 275, 260 N. W. 641.

The appellant strongly urges that the case of Vaivida v. Grand Rapids, 264 Mich. 204, 249 N. W. 826, 88 A.L.R. 707, supra, is in point and should be followed in this case. In that case it was said:

"Citizens needing public aid are in a sense wards of the municipality required to support them, and, if the able among them are set at work at common and unremunerative public tasks, there does not arise a contract of hire or the relation of employer and employee, but only a helping hand in behalf of public charity invoked and extended."

The stipulation in this case although meager as to details, presents facts materially different from those in the Vaivida Case. It is clear that the deceased was granted poor relief by the county through the medium of orders issued for food and necessities, and for which he gave his notes to the county. The deceased became obligated to the county to the extent of the relief thus granted. The relationship was extended beyond that which normally exists between the pauper and the county. The deceased was obligated to repay the sums advanced by the county, but that obligation was no more urgent than that existing between any other debtor and creditor. It could not subject the debtor to involuntary servitude. Any penalty which the county might have attempted to impose upon him if he had failed or refused to work for the county, would have been beyond its power to enforce. On the other hand, the county was not required to furnish the deceased with work in order to give him an opportunity to pay his debt. Its legal obligation to him was discharged when the relief was furnished. He might have repaid his debt to the county from the funds obtained elsewhere. It was within the discretion of the board of county commissioners to offer him the opportunity to pay his debt by working on the repair of county highways, and his acceptance of such offer was entirely voluntary. His willingness to pay his debt to the county by his labor is.

commendable. His dependents should not be deprived of the protection offered them under the Workmen's Compensation Act because his wages had been paid in advance in the form of relief orders.

The Workmen's Compensation Act of this state defines terms therein used in the following language:

"When ever used in this act: 'Employment' includes employment by the state and all political subdivisions thereof, and all public and quasi-public corporations therein, and all private employments.

" 'Hazardous employment' means any employment in which one or more employees are regularly employed in the same business, or in or about the same establishment, except agriculture and domestic service, and except also any employment of a common carrier by steam railroad.

" 'Employee' means every person engaged in a hazardous employment under any appointment, or contract of hire, or apprenticeship express or implied, oral or written, including aliens, and also including minors, whether lawfully or unlawfully employed, but excluding any person whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer, and excluding also any executive officer of a business concern who receives a salary of more than twenty-four hundred dollars ($2400.00) per year.

" 'Employer' means the state and all political subdivisions thereof, all public and quasi-public corporations therein, and every person, partnership, association, and private corporation, including any public service corporations, and the legal representative of any deceased employer, or the receiver or trustee of a person, partnership, association or corporation, carrying on a hazardous employment." Section 396a2, 1925 Supplement to the 1913 Compiled Laws.

The deceased was injured within the scope of his employment while he was an employee of Slope county, and the plaintiff, as his widow, is entitled to recover the benefits provided under the Workman's Compensation Act.

The judgment of the District Court is affirmed.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.