KAMMLER, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*November 9—December 5, 1939.*

The cause was submitted for the appellant on the brief of *Padway, Goldberg & Tarrell* of Milwaukee; for the respondent Industrial Commission on the brief of the *Attorney General* and *Mortimer Levitan,* assistant attorney general; and for the respondents city of West Bend and Car & General Insurance Corporation, Ltd., on the brief of *Hannan, Johnson & Goldschmidt* of Milwaukee.

FRITZ, J.  The plaintiff and appellant, Wilbert Kammler, contends that the circuit court erred in affirming the Industrial Commission's order dismissing his application for workmen's compensation on the ground that he was not an employee of the city of West Bend when he was injured.  The facts are undisputed.  Kammler's leg was fractured while playing baseball as a member of a team sponsored by the athletic board of the city.  The appointment of that board had been duly made by the mayor and confirmed by the common council under sec. 62.28, Stats.  The board organized a baseball team, arranged a schedule for games with five other teams constituting a league, and engaged Kammler and other players, who were to be paid by the city.  Admissions were

charged for attendance at most of the games, but the receipts were insufficient to pay all expenses.

The Industrial Commission denied Kammler's application for compensation, and the circuit court affirmed the commission's order on the ground that the athletic board was not authorized to employ a baseball player for exhibition games, and that therefore Kammler was not an employee of the city. Kammler contends that the athletic board had power and authority to hire him as a city employee by virtue of sec. 62.28, Stats., which provides that,—

"(1) The common council of any city of the fourth class may provide the equipment, supervision, instruction and oversight necessary to carry on public, educational, and recreational activities, and for such purpose appropriate annually from the general fund such sums as the council may deem expedient, but not to exceed two tenths of a mill of the assessed valuation of such city.

"(2) The mayor of any such city, subject to confirmation by the common council, may appoint a board of not less than three and not more than five in number as an athletic board to administer such activities, and disburse such fund. . . ."

To constitute Kammler an employee within the definition of an "employee" as that term is defined in sub. (1) of sec. 102.07, Stats., and used in the Workmen's Compensation Act, it was necessary for him to be in the service of the city under an "appointment, or contract of hire, express or implied." There was, however, no valid appointment or contract of hire unless the athletic board's action in purporting to hire Kammler was within its powers under sec. 62.28, Stats. Except as conferred upon it by that statute, the board had no power or authority to bind the city, and if it acted without such authority in engaging Kammler to play baseball for hire, its unauthorized action did not impose any legal obligation, including liability for workmen's compensation, upon the city. *Marathon County v. Industrial Comm.* 218 Wis.

275, 281, 260 N. W. 641. The powers of the common council under sec. 62.28, Stats., were confined to providing "the equipment, supervision, instruction and oversight necessary to carry on public, educational, and recreational activities," and to making an appropriation "for such purpose." There is nothing in those provisions that can be deemed to vest authority in the common council to provide for the hiring or employment by the city of baseball players for exhibition games, or to appropriate city funds for that purpose. Neither is there any provision which authorizes the employment of such a player by the athletic board in its administration of the activities specified in sec. 62.28, Stats., or the use for that purpose of any appropriated funds. The expressed and obvious purpose of the statute is to encourage the carrying on of public, educational, and recreational activities by and among the people of the city. Conducting the business of running a professional baseball team and employing members thereof for hire, are not within that purpose.

Likewise, we cannot sustain Kammler's contention that, even if the athletic board was not empowered to employ baseball players for hire under sec. 62.28, Stats., the board's action was nevertheless binding upon the city because the latter was empowered to do so under sec. 62.11 (5), Stats. The powers and authority granted to cities under sec. 62.11 (5), Stats., are not vested in an athletic board appointed under sec. 62.28, Stats., and even if sec. 62.11 (5), Stats., could be deemed to authorize the employment of baseball players for hire by a common council, it would not follow that such an athletic board was authorized to exercise the authority vested in the council. However, in the case at bar, neither the council, in appointing the athletic board and making an appropriation for the purpose of carrying on the activities authorized by sec. 62.28, Stats., nor the athletic board, in assuming to hire Kammler, purported to act under sec. 62.11 (5), Stats. On the contrary, the minutes of the common

council's meeting disclose that the action of the mayor, in appointing the members of the athletic board, as well as of the council, in confirming the appointment, was under sec. 62.28, Stats. As there is no proof of any other acts or action by either the mayor or the council in respect to the athletic board or its alleged employment of Kammler, there is no basis for his claim that the city accepted his services or ratified his employment.

*By the Court.*—Judgment affirmed.