H. HOHENSEE CONSTRUCTION COMPANY, INC., Respondent, vs. CITY OF OSHKOSH, Appellant.

*March 11—April 9, 1940.*

*Harry E. Meyer,* city attorney, for the appellant.

For the respondent there was a brief by *Laus & Cook* of Oshkosh, and oral argument by *R. C. Laus* and *L. J. Cook.*

MARTIN, J.   From the foregoing findings, it appears that respondent company on April 27, 1936, entered into separate contracts, in writing, with the appellant city for the construction of what is known as the "North Bank Interceptor" and the "High Street Interceptor," both being in connection with the construction of an intercepting sewer system for the city of Oshkosh.   The matter in dispute relates only to the amount due respondent company for the pumping of the accumulating waste and water out of the sewer in connection with the construction of the two interceptors.

There is no dispute as to the terms of the contracts between the parties concerning compensation to be paid respondent company for the pumping.   Nor is there any dispute as to the number of days respondent was actually engaged in pumping during the construction of the two interceptors.   The contracts required respondent to keep the sump free from accumulating waste and water, for which work respondent was to be paid on the basis of $12 per day on the North Bank Interceptor and on the basis of $15 per day on the High Street Interceptor.   These prices call for the pumping of not to exceed one hundred fifty gallons per minute on the North Bank Interceptor and not to exceed one hundred gallons per minute on the High Street Interceptor. The estimated number of days for pumping on the North

Bank Interceptor was one hundred twenty days and on the High Street Interceptor ninety days. The contracts provide for the collection of wastes from each interceptor in a sump and require the contractor, respondent, to keep the sump free from the accumulation of such waste by pumping.

It is conceded that the number of days referred to in the contracts were only estimates. It is further conceded that respondent is entitled to be paid for the number of days of pumping actually necessary under its contracts. It further appears that when one interceptor was completed the supervising engineer by verbal order attempted to require the contractor to do all of the pumping under one contract. The contracts are in writing and clearly the engineer had no power to alter the terms of the written contracts; that could only be accomplished by mutual consent.

We have carefully examined both contracts and all of the documents which by reference are made a part of each contract. No claim is made that the contracts were in any respect changed or modified by mutual consent of the parties. We fail to find any issue for trial other than an interpretation of the contracts. Respondent's claims are not for "extras." They are based strictly on and in accordance with the terms of the written contracts.

There being no issue of fact for trial, we are of the opinion that the court properly entered the summary judgment.

*By the Court.*—Judgment affirmed.