MITCHELL PROPERTIES, INC., Respondent, vs. CITY OF
MILWAUKEE, Appellant.

*February 16—March 14, 1944.*

For the appellant there were briefs by *Walter J. Mattison,* city attorney, and *Ronold A. Drechsler,* assistant city attorney, and oral argument by *Mr. Drechsler.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Maxwell H. Herriott* and *Carl G. Gezelschap* of counsel, all of Milwaukee, and oral argument by *Mr. Herriott.*

WICKHEM, J.    Plaintiff's complaint alleges in substance that on or about April 14, 1928, plaintiff and defendant city executed a warranty deed by the terms of which plaintiff conveyed to defendant certain lands therein described in consideration of the performance of certain conditions therein set forth, plus the payment of a specified sum of money.    It is further alleged that on April 30, 1937, defendant city conveyed to impleaded defendant, Milwaukee county, the land described in the warranty deed, subject to the covenants and conditions above referred to.    The land described in the deed is situated south of a right of way of the Chicago & North Western Railway Company which separates the land conveyed from land further north and still owned by plaintiff.    This controversy centers about the scope of the grantee's obligation under the deed to extend or reroute two certain creeks.    The covenant in the deed is as follows:

"The city of Milwaukee, grantee herein, hereby agrees and it is a condition to the within conveyance that the city will at its own expense and without cost to the party of the first part, Mitchell Realty Company, its successors or assigns, extend the creek, the course of which is described as follows:

" 'Entering the northwest one quarter of section twelve (12) by crossing the south line of Lincoln avenue at a point approximately one hundred (100) feet east of Thirty-Seventh avenue and flowing southerly approximately seven hundred (700) feet, easterly approximately nineteen hundred (1900) feet, and southerly approximately sixteen hundred (1600) feet to a point in the south line of the northwest one quarter of section twelve (12), which is approximately seven hundred (700) feet west of the southeast corner thereof, being the point where said creek enters Jackson park'—

so that said creek will join with that certain creek which now flows southeasterly along the south right-of-way line of the Madison division, and will further agree to reroute the waters of both creeks herein mentioned in such manner as to cross the lands herein conveyed and connect with the creek in Jackson park at such point in said park as may prove feasible and practicable."

The warranty deed is signed and sealed, not only by plaintiff-grantor, but also by defendant city of Milwaukee. The breach alleged is that the city has not performed the covenant and that the land still owned by plaintiff has, because of the meandering of the creek through the property, been rendered incapable of use for heavy industry for which it is zoned.

The material portions of defendant's answer may for convenience be considered independently of the order in which they are set forth in the answer. The first defense is that the action is barred by the statute of limitations, reliance being had on sec. 330.19 (3), Stats. The second is that the contract is void because the resolution completing or authorizing it did not state the maximum price to be paid by the defendant as required by defendant's charter. The third is that the covenant is ambiguous, that parol evidence is admissible to indicate its proper construction, and that properly construed, defendant is not obligated to the extent alleged in the complaint and, indeed, that defendant is not obligated at all until grantors

have relocated portions of the creek on the land retained by them, an action which they have not as yet taken. Attached to the answer or included therewith are the offer, resolution, and such other facts as are considered to bear upon the construction of the covenant, if it is considered to be ambiguous.

Defendant's first contention is that the promise of the city to change or extend the course of the creeks involved in this case is a simple contract and not a specialty, although it actually did sign and seal the warranty deed and that the six-year statute of limitations prescribed by sec. 330.19 (3), Stats., upon "An action upon any other contract, obligation or liability, express or implied, except those mentioned in sections 330.16 and 330.18" is applicable.

Defendant's argument runs thus: The resolution of the common council accepting the company's written offer was adopted February 27, 1928, and by this acceptance a simple contract was formed between the company and the city under which the company was to convey by warranty deed, and the city to extend or reroute the creeks; that the resolution was countersigned by the comptroller, satisfied in every respect charter requirements as to the execution of contracts, and did not contemplate, authorize, or leave any need for a further writing obligating the city, much less one under seal. In other words, that signing and sealing of the warranty deed was *ultra vires* the city officers; that the warranty deed neither extended nor enlarged the obligation imposed by adoption of the resolution of acceptance. It follows, according to defendant, that while the warranty deed is a sealed instrument, so far as the grantor is concerned, it is a simple contract so far as it imposes an obligation upon the city to reroute the creeks. *Marathon County v. Industrial Comm.* 218 Wis. 275, 260 N. W. 641, is relied upon for the rule that a municipal officer acting without authority of law cannot bind a municipality by his unauthorized acts and *H. Hohensee Construction Co. v. Oshkosh,* 234 Wis. 274, 291 N. W. 309, to the effect that

an officer of a city has no power to alter the terms of a contract entered into pursuant to common-council action. Reliance is also had upon *Mariner v. Wiens,* 137 Wis. 637, 640, 119 N. W. 340, where this court applied the twenty-year statute of limitations applicable to sealed instruments in the following language:

"Since, however, it is a sealed contract executed by private persons, we discover no grounds for excepting it from the operation of sec. 4220, Stats. (1898), which permits action to be brought on such instruments within twenty years after the cause of action has accrued."

To the same effect, *Jacobs v. Spalding,* 71 Wis. 177, 36 N. W. 608, is cited.

Defendant emphasizes the phrase "executed by private persons" as the foundation for an argument that the twenty-year statute does not apply to cases where contracts are executed by a corporation required by law or its articles to use its seal as part of its signature. This argument we deem to be unsound. The court in the cases next above cited was referring to the rule of sec. 330.19 (2), Stats. Under that section municipal contracts for the payment of money, even though under seal, are controlled by the six-year statute and for this reason it was necessary to make the exception above noted with reference to contracts between private persons. Reference to this distinction and reason is contained in *Jacobs v. Spalding, supra,* and needs no further exposition.

We think that there is no merit to the contention that the acceptance closed the contract and disabled city officers from signing and sealing the deed. The transaction contemplated a deed of conveyance by plaintiff to the city and a covenant or condition in that conveyance binding the city to extend or reroute the creeks. The acceptance by the council under all of these circumstances was an authorization to the proper city officials to execute the papers necessary to give effect to the transaction agreed upon by the parties. Since a further in-

strument was to be required and a further contractual obligation upon the city was to be inserted in this agreement, it is proper and indeed necessary, under the charter, to have the signatures that are contained upon the warranty deed. This resulted in the instrument being signed and sealed by the city and we see no escape from the conclusion that the city's obligation falls in the category of covenants or sealed obligations rather than that of simple contract.

In view of this conclusion it is unnecessary to discuss the merits of the doctrine asserted by numerous cases that a grantee who accepts a deed poll binds himself as upon a sealed instrument for any covenants undertaken by him. See note, 51 A. L. R. 981. This court in *Bishop v. Douglass,* 25 Wis. 696, appears to take the minority view in this conflict.

Defendant's next contention is that by the terms of sec. 10.16 of the Milwaukee charter a resolution purchasing land for park purposes must be "by resolution adopted by an affirmative vote of a majority of the aldermen-elect, specifying the land to be purchased, *the maximum price to be paid therefor.*" If the contract be construed to obligate the city to undergo the expense of rerouting portions of the creeks upon land retained by the grantor, defendant asserts it to be invalid because such expense constitutes a part of the price and is not stated in the resolution. We do not deem this contention sound. If the covenant respecting relocation of the creeks is not a part of the price it need not be stated. If it is a part of the price, it was explicitly stated in the resolution. That leaves only the question whether every obligation assumed by the city in connection with the purchase of land for park purposes must be capable of being measured and stated in terms of money. To give consent to that contention would mean that the city must not, in a purchase of property for cash, ever assume an additional obligation arising out of covenants or conditions where these involve expenditures by the city, the precise amount of which is presently unascertainable.

We are cited to no authority to the effect that a city is so limited by any such charter provision. The language of sec. 10.16 of the Milwaukee charter will not accommodate itself to the insertion of such a prohibition. We see no reason why the resolution in this case does not fully satisfy the calls of the charter.

It is finally contended that the portion of the deed containing the condition or covenant of the city to extend or relocate the creeks is ambiguous. In this connection, it is necessary to draw certain distinctions in order that we may not become confused as to what is material upon this appeal. The only kind of ambiguity that will save defendant's answer from demurrer is one capable of being resolved by parol evidence into a defense. It is not enough to show that there is some ambiguity resolvable by parol evidence as to application of the contract to subject matter. The only ambiguity that will serve defendant's purpose here is one that can result in so construing the city's covenant as to impose upon plaintiff as a condition precedent to any action by the city the burden of relocating at its own expense portions of the creeks located outside the land sold. If this be the meaning of the covenant, then plaintiff has not performed what in the nature of things must precede any act on the part of the city. The trouble with this contention is that the language of the contract will not accommodate itself to the construction urged by defendants. If anything is clear in this contract, it is that the city at its expense agrees to extend and relocate certain creeks that are on the property of plaintiff and M. J. Schneider Fuel & Supply Company, one parcel being to the north and the other to the east of the property conveyed to the city. The point of beginning of the extension, the direction of the extension, and the terminal point in the extension are given in the deed. The commencement is on the plaintiff's land, the terminal on defendant's. There is no language which would support the notion that this is an enterprise to be carried out by successive

acts of grantor and grantee. The obligation and expense are wholly put upon the city. Nothing is stated to be a condition precedent to the city's duty to extend. We think with the trial court that this contract is perfectly clear to the effect that all of the work of extension and relocation is to be done and paid for by the city, and that where, as indicated in the contract, the relocation or extension involves work on the property retained by the grantor, that, also, must be done by the city. Therefore, we consider that no ambiguity is shown which may be constructed into a defense to this contract. It is unnecessary to carry our determination further than this.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.